**In re Keith R. RICHARDS, Debtor.**

**F & M MARQUETTE NATIONAL BANK, Plaintiff,**

v.

**Keith R. RICHARDS, Defendant.**

**Bankruptcy No. 3–83–2087.
Adv. No. 84–0209.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Nov. 1, 1984.

William Kampf, St. Paul, Minn., for defendant-debtor.

William Joanis, St. Paul, Minn., for plaintiff F & M Marquette Nat. Bank (hereinafter "F & M").

## MEMORANDUM ORDER GRANTING MOTION TO DISMISS

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court for hearing September 12, 1984, on Defendant's motion to dismiss the adversary proceeding for Plaintiff's failure to timely file its complaint objecting to dischargeability pursuant to Rule 4007(c) of the Rules of Bankruptcy Procedure. Subsequent to the hearing, this Court on September 25, 1984, issued its opinion in the adversary proceeding: *National City Bank of Mpls. vs. Richards (In Re: Richards)*, 43 B.R. 549 (Bankr.Minn. 1984) which decided the same issue presented in this case. Thereafter, Plaintiff requested permission of the Court to file a supplemental memorandum commenting on the *National City Bank of Mpls.* opinion and distinguishing that case from this one. The Court granted the request and allowed Defendant a period, extended for cause to October 26, 1984, to file a responsive memorandum. Based on the file, records, briefs and arguments of counsel, the Court makes the following Order pursuant to the Rules of Bankruptcy Procedure.

### I.

Keith R. Richards filed for reorganization under Chapter 11 of the United States Bankruptcy Code on December 13, 1984. Proper notice of the pending case was sent to F & M and received by it in the ordinary

course. The notice set the date for the first meeting of creditors as February 9, 1984, and stated that objections to dischargeability under Sections 523(a)(2), (4) or (6) must be filed no later than April 9, 1984, which was 60 days after the first date set for the meeting of creditors.[1] On April 2, 1984, as part of the Chapter 11 proceeding and pursuant to stipulation between the parties, the Court entered its Order extending the objection period to July 9, 1984, for F & M.

On April 12, 1984, this Court entered an order converting the case to a Chapter 7 liquidation. Thereafter, the Bankruptcy Court Clerk's office sent notice to F & M, received in the ordinary course, that the case had been converted. The notice set June 5, 1984, as the date for a meeting of creditors in the converted case and contained the following language in paragraph 6:

> 6. *Discharge of Debts August 6, 1984,* which is 60 days after the above date set for the meeting of creditors, has been fixed as the last day to file a complaint objecting to discharge under 11 U.S.C. Sec. 15727(a) or a complaint to determine dischargeability of a debt under 11 U.S.C. Sec. 523(c). If no complaint objecting to discharge is filed timely, debtor will be granted a discharge. If no complaint to determine dischargeability of a debt under clause (2), (4) or (6) of 11 U.S.C. Sec. 523(a) is filed timely, the debt may be discharged.

On August 2, 1984, F & M filed its Complaint in this adversary proceeding pursuant to Bankruptcy Rule 4007(a) for nondischargeability of a prepetition debt under 11 U.S.C. § 523(c). The complaint requested judgment "Declaring that Richard's obliga-

tions to F & M as evidenced by the Term Note and Demand Note are not discharged under 11 U.S.C. § 523(a)(2)".

Defendant argues: (1) that Rule 4007(c) required Plaintiff to file its complaint within the time allowed by the Court's order of extension, that is on or before July 9, 1984; (2) that conversion of the case from Chapter 11 to Chapter 7 did not create a new period in which to file the Complaint; and (3) that the Court has no discretion to extend the time since the period expired April 9, 1984, and no request to extend was timely made.

Plaintiff argues: (1) that the Clerk's second notice states August 6, 1984, as the last date for its Complaint to be properly filed in the converted case; (2) that the notice complied with the requirements of Official Form No. 16 and was properly issued pursuant to Rule 1019(2), which required notice of the conversion to be given to all creditors; (3) that comparison of the relevant Code sections, 341(a) and 348(a), with the relevant Rules, 4007–1019(2) and 1019(3), indicates that the last date for filing a complaint objecting to dischargeability under § 523(c) is 60 days after the date set for the meeting of creditors in the converted case; (4) that F & M reasonably relied on the on second Clerk's notice to its detriment; and (5) that the Court in *National City Bank of Mpls.* selectively and narrowly focused on several sections of the Bankruptcy Code and Rules, resulting in an erroneous opinion evidenced by (i) its inconsistency with established law in the Eighth Circuit regarding exemptions, (ii) its dramatic alteration of current practice that denudes creditors of substantive rights, and (iii) the creation of chaos by its necessary application to the filing of claims, ob-

---

**1.** The notice provided in paragraph 7:

7. *Discharge of Debts* The first date set for hearing on confirmation of a plan has been fixed as the last day to file a complaint objecting to discharge of debtor under Rule 4004(a). April 9, 1984, which is 60 days after the above date set for the meeting of creditors, has been fixed as the last day to file a complaint to

determine dischargeability of a debt under Rule 4007(c). If no complaint objecting to discharge is filed timely, confirmation of the plan will discharge debtor under 11 U.S.C. Sec. 1141. If no complaint to determine dischargeability of a debt under clause (2), (4) or (6) of 11 U.S.C. Sec. 523(a) is filed timely, the debt may be discharged.

jections to discharge, and dischargeability actions.[2]

## II.

Rule 4007(c) provides:

TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED. *A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).* The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. Fed.R.Bankr.P. 4007(c) [emphasis added]

Section 341(a) provides:

Within a reasonable time after the order for relief in a case under this title, there shall be a meeting of creditors. 11 U.S.C. § 341(a) (1979 and Supp.1983)

Section 348 of the Code provides:

**Effect of Conversion:**

(a) *Conversion of a case from a case under one chapter of this title to a case under another chapter of this title* constitutes an order for relief under the Chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of* the filing of the petition, *the commencement of the case, or the order for relief.*

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a), 1305(a), and 1328(a) of this title, 'the order for relief under this chapter' in a chapter to which a case has been converted under section 706, 1112,

or 1307 of this title means the conversion of such case to such chapter.

(c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, or 1307 of this title, as if the conversion order were the order for relief.

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

(e) Conversion of a case under section 706, 1112, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion. 11 U.S.C. § 348 (emphasis added) (1979 and Supp.1983)

Here, the first date set for the meeting of creditors pursuant to § 341(a) was February 9, 1984. Conversion of the Chapter 11 case to a case under Chapter 7 on April 12, 1984, did not change that fact. The purpose of § 348 is to continue an existing bankruptcy proceeding under the chapter to which it is converted with those adjustments in certain Code sections affecting the rights and obligations of interested parties that Congress deemed are made necessary by the conversion. These adjustments are provided for in subsections 348(b) through (e). Section 348 does not, by its terms, alter the rights of parties in any manner regarding the bringing of dischargeability actions under § 523(c).

■ While it is true that a meeting of creditors was required due to the conversion of this case from Chapter 11 to Chapter 7, it was the second scheduled meeting of creditors in the Debtor's bankruptcy case, not the first. The meeting was not made necessary by § 341(a), since the date of the order for relief for purposes of that

---

**2.** Part II of this opinion restates the Court's reasoning in the *National City Bank of Mpls.* opinion.

section remained the same as in the superseded case—i.e., the date of the Chapter 11 petition.[3] Consequently, the requirement of § 341(a) for a meeting of creditors remained satisfied after the conversion. The second meeting was needed, however, to satisfy the requirement of § 702 which entitles qualified unsecured creditors to elect a trustee in Chapter 7 liquidation cases. See 11 U.S.C. § 702(a) and (b) (1979 and Supp.1983). Accordingly, the time to file § 523(c) dischargeability actions under Rule 4007(c) was not revived by application of Sections 348 and 341(a) to the converted continuing case by the scheduling of a second meeting of creditors.

The time was not revived by application of Rule 1019 either. Rule 1019(2) requires that notice of conversion of a case to a Chapter 7 case be given to all creditors. The Advisory Committee Note to the Rule states that Official Form No. 16 may be adapted for that purpose. That form is the standard official notice form used entitled: ORDER FOR MEETING OF CREDITORS AND RELATED ORDERS, COMBINED WITH NOTICE THEREOF AND OF AUTOMATIC STAY. Although the official form contains notice language regarding the filing of dischargeability actions, that alone cannot create a right to file such actions where the right is not provided for elsewhere in the Code or Rules. The form is to be *adapted* for use in a converted case.

Rule 1019(3) states:

*Reconversion to Chapter 7.* When a chapter 7 case had been converted to a chapter 11 or chapter 13 case and thereafter reconverted to a chapter 7 case, if the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt expired in the original chapter 7 case, the time shall not be revived or extended except as provided in

Rule 4004 or 4007. Fed.R.Bankr.P. 1019(3)

Plaintiff argues that because the Rule does not specifically preclude revival of the time to file dischargeability actions when an original Chapter 11 case is converted to Chapter 7, the Supreme Court intended that the period be revived. Plaintiff also contends that if the period is not revived when a Chapter 7 case is converted to Chapter 11, the language precluding revival upon reconversion to a Chapter 7 is superfluous.

█ Addressing the second argument first, the Court observes that the mere conversion of a case from Chapter 7 to Chapter 11 or Chapter 13 does not *require* a meeting of creditors. Section 341(a) remains satisfied by·the retroactive effect of the order for relief provided in § 348(a). Furthermore, qualified unsecured creditors have no right to elect a trustee in the converted Chapter 11 or Chapter 13 case. Accordingly, neither Chapter 11 nor Chapter 13 has any provisions comparable to § 702. However, if the case be reconverted to Chapter 7, a subsequent meeting of creditors is required to satisfy the rights of qualified unsecured creditors under § 702 to elect a trustee. The language of Rule 1019(3) precluding revival of the period to file dischargeability actions after such reconversion *requiring* a subsequent meeting of creditors, is consistent with the foregoing analysis of Sections 348 and 341(a). It is also consistent with the plain language of Rule 4007(c).

█ Regarding determination of intent by omission, the Court observes that Rule 4007(c) clearly fixes the time within which dischargeability actions can be brought under § 523(c). The time prescribed is absolute unless the Court, for cause, extends the period on motion made prior to expiration of the time fixed by the Rule. Not

---

**3.** See § 348(a) which provides that although conversion of a case from a case under one chapter to another under Title 11 constitutes an order for relief, it does not effect a change in the date of the commencement of the case or order for relief except as provided in subsec-

tions (b) and (c) of that Section. Neither of those subsections refer to § 341(a). See also: Notes of Committee on the Judiciary, S.REP.NO. 989, 95th Cong., 2nd Sess. 48 (1978), U.S. Code Cong. & Admin.News 1978, 5787.

only is this evident from the plain language of Rule 4007(c), but the limitations are further codified by Rule 9006(b)(3).[4]

The promulgation of Rule 4007(c) presents a substantial departure from practice prior to its effective date. The Rule's predecessor, Rule 409(a)(2), provided an initial fixed period of 90 days for bringing such dischargeability actions, but allowed the Court to extend the time for cause on motion after the period fixed had expired.[5] The evolution of Rule 4007(c) clearly indicates the intent of the Supreme Court to establish a fixed period in which to bring dischargeability actions under § 523(c), with the limited exception of cause shown on motion made prior to its expiration. The mere omission of a particular conversion scenario in Rule 1019(3) does not justify an inference that the Supreme Court intended thereby to erode proscriptions plainly stated in Rules 4007(c) and 9006(b)(3).

The Court is aware that the Bankruptcy Court for the Northern District of Illinois has recently held that upon conversion from a Chapter 11 case to Chapter 7, Rule 4007(c) allows a new period in which to file a dischargeability action. See: *Bill Doran Co. vs. Cail, (In re Cail)*, 41 B.R. 795 (N.D.Ill.1984) (available Sept. 30, 1984, on LEXIS, Bankr. library, cases file). The opinion of the Illinois Court provides no analysis regarding application of Sections 348(a) and 341(a), and does not discuss the evolution of Rule 4007(c) or its application in the administration of converted bankruptcy cases in light of § 348(a). However, the Illinois Court did refer to what is considered solid policy reasons supporting its holding, stating:

Beyond technical compliance with the Rules, there are solid policy reasons for so holding. Many creditors will not be of a mind to file a dischargeability complaint at the outset of a Chapter 11 reorganization case. It is contemplated that their rights will be determined by a confirmed plan which might provide payment to them in full. In most instances it would be a costly and useless act to file a dischargeability complaint early in a Chapter 11 case. Not so in Chapter 7, where the creditors' rights are determined not by a plan of reorganization, but by Section 727, 523, and 524.

This Court respectfully disagrees with the Illinois Court. Initially, it must be observed that only undersecured or completely unsecured creditors are likely to file nondischargeability actions regardless of the chapter under which a case might be pending. Fully secured creditors will be paid in full, either through a successful reorganization or by the ultimate realization of collateral.

Undersecured or completely unsecured creditors will rarely be paid in full, absent special circumstances. A provable nondischargeability claim arising prepetition might be such a circumstance and could result in treatment of the claim as a separate class in a reorganization plan.

One important legislative purpose to be served in the scheme of Chapter 11 is the creation and maintenance of tensions between a debtor and creditors to bring about a fair, viable and confirmable plan of reorganization, or conversion or dismissal of the case, within a reasonable period of

---

**4.** See also, *In re Johnson,* 35 B.R. 79 (Bankr. Conn.1983).

**5.** Rule 409(a)(2) provided:
   (a) Proceeding to Determine Dischargeability.
   (2) Time for Filing Complaint Under § 17c(2) of the Notice of Time Fixed. The Court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no

dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court for cause, on its on initiative or on application of any party in interest, may extend the time fixed under this paragraph. **Fed.R. Bankr.P. 409(a)(2)**

time. Rule 4007(c) facilitates that purpose. Whatever tactical advantage a creditor might perceive in electing not to file a nondischargeability action, it is clear that the intent of Rule 4007(c) is that the right to file is lost if not exercised within the period allowed by the Rule. Accordingly, the debtor and creditors know where they stand in a case early in the proceeding. This, in turn, enables the participants to make better-informed decisions regarding formulation, consideration, acceptance or rejection of plans, and decisions whether to seek conversion or dismissal of the case.

There seems to be no compelling reason why a creditor who elects not to bring a nondischargeability action on a prepetition claim in a Chapter 11 proceeding within the period allowed by Rule 4007(c) should be afforded a second period simply because the case is converted to a proceeding under Chapter 7. As a matter of policy, this Court believes that the purposes of the Code and interests of all parties to a bankruptcy case are better served by the commencement of prepetition nondischargeability claims based on § 523(c) within the period prescribed by Rule 4007(c), unaffected by conversion.

## III.

Plaintiff argues that the Court's reasoning when necessarily applied to other similar sections and provisions of the Bankruptcy Code and Rules, is clearly not sustainable. Therefore, it urges, the Court has misconstrued the sections and provisions relevant to the issue.

The Code presents a legislative attempt at a unified and cohesive body of law dealing with bankruptcy and bankruptcy related matters. The Bankruptcy Rules are intended to supplement the Code by facilitating its application consistent with legislative intent. Identical or similar language, when appearing in different places in the Code and Rules, should be read and interpreted consistently wherever possible

in preserving the overall integrity of the law and in fulfillment of its purpose.

However, the intent of provisions dealing with some bankruptcy elements differs from the intent of provisions dealing with others. Therefore, caution must be exercised when analyzing language in the context of one provision to determine its meaning or application in another. Furthermore, it must be recognized that when a Court analyses provisions not directly bearing on an issue, it risks engaging in dicta and in rendering advisory opinions.

Considering the utility of addressing Plaintiff's arguments in light of these concerns, the Court concludes that it is appropriate to address them in this case. However, the following discussion in this part III of the opinion is included only for the purpose of addressing Plaintiff's contention that the Court has misconstrued the provisions of the Code and Rules relevant to the issue before it. The discussion does not constitute a holding in the case regarding any provisions not directly bearing on the issue.

### a. Exemptions

Plaintiff argues that the Court's reasoning in *National City Bank of Mpls.* is inconsistent with the holding in *Armstrong v. Lindberg (In re Lindberg)*, 735 F.2d 1087 (8th Cir.1984). In that case, the debtors had filed a Chapter 13 petition and later converted the case to Chapter 7. Before the conversion order, the debtors moved from their residence (claimed as exempt on the Schedule B–4 to the original petition) to certain farm property that they owned. Shortly after the conversion order, they filed an amended schedule substituting the equity in the farm as their homestead exemption. The debtors relied on Rule 110, then applicable, which allowed the amendment of voluntary schedules as a matter of course at any time before closing of a bankruptcy case.[6]

The trustee challenged the amendment arguing: (1) that the Rule could not be interpreted to alter the affect of § 348(a)

---

**6.** The same provision is currently found in Fed. R.Bankr.P. 1009.

which provides that conversion of a case does not effect a change in the date of the filing of the petition; and (2) that by application of § 348(a) to § 522(b)(2)(A), the debtors were precluded from claiming a homestead exemption on property that was not occupied as their homestead at the time their petition was filed.[7]

The Eighth Circuit Court noted in passing that from comparison of Sections 348(a) and 522(b)(2)(A) it appeared that the date of the Chapter 13 petition controlled.[8] It decided the matter in favor of the debtors, however, without any further analysis of those sections, instead drawing distinctions between Chapter 13 and Chapter 7 cases, analysing various rules, and relying on the equities of the case.

■ Complete analysis of § 522(b)(2)(A) as affected by § 348(a) results in no inconsistency with the holding in *Armstrong vs. Lindberg, supra.* Section 522(b)(2)(A) provides that certain Federal and State exemption laws applicable on the date of filing of the petition may be utilized by an individual debtor in selecting exemptions. Application of § 348(a) upon later conversion of a case merely continues to restrict a debtor to the use of *laws* in existence at the time the petition was filed in selecting his exemptions.

Accordingly, a debtor is not allowed to better his position regarding exemptions during the pendency of the case due to post-petition changes in applicable exemption laws. But neither is he punished where, in the absence of fraud, circumstances render it necessary or desirable that he alter his exemptions based on applicable prepetition exemption laws. The concept is especially important in Chapter 11 reorganization and Chapter 13 individual debtor adjustment cases, since use of these chapters is encouraged by the Code, not discouraged.

Section 348(a) applied to § 522(b)(2)(A) does not prohibit a debtor from altering his exemptions during pendency of the case when the changes are based on exemption laws in existence at the time the petition was filed. The Eighth Circuit in *Armstrong vs. Lindberg, supra,* did not reject the application of § 348(a) to § 522(b)(2)(A). It simply based its holding on other considerations. This Court's reasoning in *National City Bank of Mpls.* is not inconsistent with the holding in *Armstrong* or the law in the Eighth Circuit regarding exemptions.

#### b. Claims

Plaintiff argues that Rule 3002(c) requires proofs of claim to be filed within 90 days after the first date set for the meeting of creditors in the converted case.[9] Plaintiff asserts that if the Court's reasoning in *National City Bank of Mpls.* be applied, Rule 3002(c) operates to time-bar many creditors from filing claims, since the 90-day period cited in the Rule would necessarily be measured from the first date

7. Section 522(b)(2)(A) reads:
   (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
   (2)(A) any property that is exempt under Federal law, other than subsection (d) of this section, or State law that is applicable on the date of the filing of the petition at the place in which the debtor's domicile has been located for the 180 days immediately preceding the date of the filing of the petition, or for a longer portion of such 180-day period than in any other place; and 11 U.S.C. § 522(b)(2)(A) (1979 and Supp. 1983)

8. The Court stated:
   When § 348(a) is examined in conjunction with the code section on exemptions, § 522, these sections do appear to suggest that the date

of the chapter 13 petition controls. Section 522(b)(2)(A) states that individual debtors may exempt from property of the estate any property that is exempt under federal, state or local law applicable on the date of filing the petition, and § 348(a) states that when a case is converted from one chapter to another, the conversion does not effect a change in the date of the filing of the petition. (*Armstrong vs. Lindberg, supra,* at 1089)

9. The relevant portion of Rule 3002(c) reads:
   **Time for Filing.** In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code Fed.R. Bankr.P. 3002(c).

scheduled for the meeting of creditors in the superseded Chapter 11 proceeding.

Section 1111(a) provides that prepetition scheduled claims in a Chapter 11 case, other than those scheduled as disputed, contingent or unliquidated, are deemed filed under § 501. Rule 1019(4) provides that all claims filed in the superseded case are deemed filed in the case following its conversion to Chapter 7. Accordingly, there is no need for the majority of prepetition claims to be filed following the order of conversion. Most scheduled claims remain filed in the converted case. Furthermore, those prepetition claimants whose claims were not originally scheduled or were scheduled as disputed, contingent or unliquidated, have relief available under Rule 3003(c).[10]

■ Finally, the filing of post-petition claims is provided for by Rule 1019(7). Accordingly, the problem perceived by Plaintiff does not exist. Rule 3002(c) does not apply in the converted case to bar the filing of any claims.

**C. Complaint objecting to discharge under § 727(a) pursuant to Rule 4004(a) regarding post-petition conduct.**

Plaintiff argues that application of the Court's reasoning would preclude objections to discharge under 11 U.S.C. § 727(a) pursuant to Rule 4004(a) regarding post-petition conduct of a debtor where the case is converted from Chapter 11 to 7 before an action is brought.[11]

Conversion of a case from Chapter 11 to Chapter 7 whether pursuant to Sections 1112(a) or 1112(b), constitutes a request for an order of conversion. Rule 9013 provides that a request for an order must be made by motion. Rule 2002(a) requires that all creditors be served not less than 20 days notice of a hearing to convert Chapter 7 and 11 cases. Rule 4004(b) allows for extension of time to bring a § 727(a) discharge action upon motion brought before expiration of the initial period.

■ Accordingly, where a discharge action arises out of alleged post-petition conduct of a debtor-in-possession and conversion is sought prior to hearing on confirmation of a plan, ample time exists for interested parties to apply pursuant to Rule 4004(b), prior to the order of conversion, for extension of time to commence the action.

Post-confirmation conduct of a Chapter 11 debtor as a basis for denial of discharge on subsequent conversion presents a different situation. It is unclear whether a § 727(a) objection is available since the Debtor would have already received at least a partial discharge by effect of the order confirming the plan. See 11 U.S.C. § 1141(d)(1)(A) (1979 and Supp.1983). Furthermore, post-confirmation conduct standing alone would not likely be sufficient to revoke the discharge under either Sections 1144 or 727(d), since those sections mainly address fraudulent conduct in *obtaining* the discharge as grounds for revocation.

■ However, it is clear that post-confirmation conduct of a debtor sufficient to otherwise sustain a § 727(a) objection to discharge would constitute cause for dismissal of the converted case under § 707.

---

**10.** Rule 3003(c)(3) allows the Court for cause to extend the time within which proofs of these claims may be filed. Motions seeking the relief can normally be considered at hearing on motion to convert. Rule 3003(c) does not establish a fixed period during which a motion to extend the time must be made and Rule 9006(b)(3) does not limit the Court from extending the time after it has expired. Fed.R.Bankr.P. 4004(a)

**11.** Rule 4004(a) provides:
**Time for Filing Complaint Objecting to Discharge; Notice of Time Fixed.** In a chapter 7 liquidation case a complaint objecting to the debtor's discharge under § 727(a) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). *In a chapter 11 reorganization case, such complaint shall be filed not later than the first date set for the hearing on confirmation.* The court shall give not less than 25 days notice of the time so fixed to all creditors in the manner provided in Rule 2002, and to the trustee and his attorney. (emphasis added)

In the event of dismissal, discharge would either be barred by § 727(a)(8) or be subject to objection by action brought under § 727(a) pursuant to Rule 4004(a) in any newly filed case. Thus, a debtor cannot escape the consequences of post-confirmation conduct in a Chapter 11 case. Conversion of the case to Chapter 7 will not necessarily result in discharge of obligations retained under the plan of reorganization and new obligations incurred prior to conversion.

The Court's reasoning in *National City Bank of Mpls.* produces no discernibly onerous results in this area and does not denude substantive rights of creditors arising out of post-petition conduct of a Chapter 11 debtor-in-possession.

**d. Dischargeability actions arising out of post-petition conduct.**

Finally, Plaintiff argues that the Court's reasoning would operate to bar nondischargeability actions under § 523(a)(2), (4) and (6) allowed by § 727(b) arising in connection with post-petition debts incurred during the pendency of a case prior to conversion. Specifically, Plaintiff concludes that such actions would be barred if not filed within 60 days after the first date set for the meeting of creditors in the Chapter 11 case.

Rule 4007(c) applies only to dischargeability actions brought pursuant to § 523(c). Section 523(a)(2), (4) and (6) actions that arise out of post-petition conduct are not subject to Rule 4007(c), but can be properly brought pursuant to § 523(a)(3)(B) under Rule 4007(a). Neither the Code nor Rules impose any time limit for the commencement of such actions. Consequently, the Court's reasoning in *National City Bank of Mpls.* does not apply to bar dischargeability actions arising out of post-petition conduct.

In summation, the Court is not persuaded that its reasoning in *National City Bank of Mpls.* is inconsistent with established law or that it must necessarily be applied in the areas of exemptions, claims, objections to discharge, and dischargeability actions with the result of dramatic alteration of current practice that denudes creditors of substantive rights. Contrary, the Court believes that analysis of the sections and provisions of the Code and Rules applicable to these various elements of bankruptcy reveals that the Court's reasoning is correct and results in a cohesive application of the law in fulfillment of its overall legislative purposes and policies.

**IV.**

Plaintiff's argument that the filing of this adversary proceeding should be allowed as timely because it relied on notice sent out by the Clerk's office is not persuasive. The Clerk's office cannot alter substantive rights of parties in a bankruptcy case. Rule 4007(c) clearly leaves the Court itself without discretion to enlarge the filing period and, should the Court do so in this case, such an enlargement would not be sustainable. Furthermore, Plaintiff properly applied for and was granted a 90-day extension of time to file its nondischargeability action prior to conversion. Under the circumstances, Plaintiff had ample time to properly commence its action in the case.

Therefore, the Court concludes that Rule 4007(c) controls the time within which Plaintiff could properly bring its dischargeability complaint in this case based on its prepetition claim. That time expired July 9, 1984, when the properly obtained extension ran out. Conversion from Chapter 11 to Chapter 7 on April 12, 1984, did not expand or create a new time in which to file the action in the continuing converted case. Plaintiff, having failed to bring the action within the time allowed, has failed to state a claim for which relief can be granted. Defendant is entitled to dismissal.

**THEREFORE, IT IS ORDERED:** that this adversary proceeding be dismissed with prejudice, each party to bear that party's own costs. The effect of this Order shall be stayed for a period of ten (10) days from its date.