**F & M MARQUETTE NATIONAL BANK, Plaintiff,**

v.

**Keith R. RICHARDS, Defendant.**

**Jenning FURE, Plaintiff,**

v.

**Leo H. MATTSON and Phyllis J. Mattson, Defendants.**

Civ. Nos. 4–84–1284, 4–85–104.

United States District Court, D. Minnesota, Fourth Division.

Feb. 21, 1985.

William J. Joanis and John Troyer, Minneapolis, Minn., for plaintiff F & M Marquette Nat. Bank.

James E. Broberg, Albert Lea, Minn., for plaintiff Jenning Fure.

Kampf, Orey, Landsman & Seesel, P.A. by William I. Kampf, St. Paul, Minn., for defendant Keith R. Richards.

Phillip L. Kunkel, Hastings, Minn., for defendants Leo and Phyllis Mattson.

## ÓRDER

MILES W. LORD, Chief Judge.

These companion cases are timely appeals of adversary proceedings from the bankruptcy court filed pursuant to 28 U.S.C. § 158. In dispute is the bankruptcy court's interpretation of what Bankruptcy Rule controls the time deadline for creditors filing their objections to debtor's dischargeability of debts under section 523(a)(2) of the Bankruptcy Code. The bankruptcy court held that Bankruptcy Rule 4007(c) requires creditors to file their objections within sixty days of the first meeting of creditors scheduled to take place in a bankruptcy proceeding. In contrast, appellants urge this court to construe Bankruptcy Rule 1019's provision for an additional meeting of creditors in bankruptcy conversion cases as being a new "first meeting of creditors" thereby creating a new sixty day period for filing objections to dischargeability. As simply put by one brief, the question raised in this proceeding is whether there can be more than one "first date set for the meeting of creditors." If this court deems Rule 4007(c) to control, then one of the appellants seeks relief from the bankruptcy court's denial of that appellant's alleged good-faith reliance on a notice by the clerk of court which gave appellant sixty days from the meeting of creditors in the converted case, instead of sixty days from the very first meeting of the creditors, to file objections to dischargeability.

To begin, this court observes that because of the relative newness of the Bankruptcy Code and its attendant Rules, their interpretation is not a settled matter. This unsettledness sometimes results in the various bankruptcy jurisdictions interpreting the same statutory sections in different ways. This inter-jurisdictional inapposition is further exacerbated by the bankruptcy courts' occasional reliance on state law and the Uniform Commercial Code as aids in their interpretation of the Code. Because of these pressures for disharmony, this court places a greater reliance on its district's interpretation of the Code than on the interpretation of the Code by foreign jurisdictions.

The present cases present just such a choice between conflicting inter-jurisdictional constructions of the Bankruptcy Rules. *See e.g. In re Cail,* 41 B.R. 795 (Bankr.N.D.Ill.1984). However in these cases, the exhaustive and persuasive appealed from bankruptcy order justifies this court's reliance on its own district's interpretation of the Rules. *See In re Rich-*

*ards,* 43 B.R. 554 (Bankr.Minn.1984). As that court notes, interpreting Rule 4007(c) as requiring objections to dischargeability to be filed within sixty days of the very first meeting of the creditors allows the debtor and creditor alike to know where they stand in a case early in a proceeding which in turn enables them to make better-informed decisions regarding the bankruptcy action as a whole. *Id.* at 560. And that court also points out that such a construction does not allow debtors to time-bar creditors from filing claims of objectionability. *Id.* at 561–2.

Thus, because this court considers *In re Richard's* goal of procedural simplicity and clarity for all parties to a bankruptcy action to be justifiable and accomplishable by enforcing that court's interpretation of Rule 4007(c), this court affirms *In re Richard* and holds that:

> BANKRUPTCY RULE 4007(c) REQUIRES THE FILING OF OBJECTIONS TO DISCHARGEABILITY UNDER SECTION 523(a)(2) WITHIN SIXTY DAYS OF THE VERY FIRST MEETING OF CREDITORS IN A BANKRUPTCY ACTION, REGARDLESS OF WHETHER THAT CASE IS LATER CONVERTED UNDER A DIFFERENT BANKRUPTCY CHAPTER TO A CASE IN WHICH A MEETING OF CREDITORS MAY OR MAY NOT BE REQUIRED.

Finally, because of this court's decision that Rule 4007(c) controls these cases, the appellant in *In re Richards,* 43 B.R. 554 (Bankr.Minn.1984) asks this court to address its motion for relief based on its alleged good faith reliance on a notice by the clerk of court that, appellant asserts, gave it sixty days from the meeting of creditors in the debtor's converted bankruptcy case, instead of sixty days from the very first meeting of creditors, to file its objections to dischargeability. This court finds that the bankruptcy court's factual conclusion that the *creditor* in *In re Richards,* 43 B.R. 554 (Bankr.Minn.1984), did not in good faith rely upon the clerk's

notice was not clearly erroneous and is therefore affirmed.

For all the foregoing reasons, both cases covered by this order are affirmed in their entirety. IT IS SO ORDERED.