In re David L. WATTS, d/b/a Talladega Mobile Homes, Debtor.

GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,

v.

David L. WATTS, Individually, and d/b/a Talladega Mobile Homes Sales, Monarck Homes and National Homes, Defendant.

Bankruptcy No. 84–05351.
Adv. No. 85–0692.

United States Bankruptcy Court,
N.D. Alabama.

April 14, 1986.

Harvey Campbell, Talladega, Ala., for debtor.

George Ritchey, Birmingham, Ala., for plaintiff.

### MEMORANDUM OPINION AND ORDER ON MOTION TO DISMISS

L. CHANDLER WATSON, Jr., Bankruptcy Judge.

The above-styled adversary proceeding came before the Court for a pre-trial conference and upon the motion of the debtor to dismiss the complaint to determine dischargeability of a debt under 11 U.S.C. § 523(c) as being untimely filed and for failure to state a claim upon which relief may be granted.

On October 5, 1984, the debtor filed a voluntary petition commencing a case under chapter 11, title 11, United States Code. The clerk gave notice that November 19, 1984, was the date set for the first meeting of creditors held pursuant to 11 U.S.C. § 341(a) and of the time fixed to file complaints under 11 U.S.C. § 523(c). No complaint to determine dischargeability of debt under 11 U.S.C. § 523(c) was filed by the plaintiff herein within the time then fixed as provided by Bankruptcy Rule 4007(c).

By action of the debtor, the case was converted to a case under chapter 7, title 11, United States Code, on August 9, 1985, and the clerk again gave notice of the date set for the first meeting of creditors to be held pursuant to 11 U.S.C. § 341(a) in the converted chapter 7 case. In the second notice the clerk set November 18, 1985, as the last day to file a complaint under 11 U.S.C. § 523(c), such date being 60 days following the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a) in the converted chapter 7 case.

The issue here is whether the time for filing a complaint under 11 U.S.C. § 523(c) runs from the date set for the first meeting of creditors in the chapter 11 case, or from the date set for the first meeting of creditors in the converted chapter 7 case. Judging from the number of case citations concerning Bankruptcy Rule 4007(c), the time constraints imposed by the Rule have proven to be a trap for the unwary and the indolent. There are decisions from other districts on the issue herein, but the Court was not directed to a controlling decision on the issue, nor was one located by the Court.

In *F & M Marquette Nat'l. Bank v. Richards*, 47 B.R. 423, 425 (D.Minn.1985), the district court ruled emphatically on appeal of companion cases that:

BANKRUPTCY RULE 4007(c) REQUIRES THE FILING OF OBJECTIONS TO DISCHARGEABILITY UNDER § 523(a)(2) WITHIN SIXTY DAYS OF THE VERY FIRST MEETING OF CREDITORS IN A BANKRUPTCY ACTION, REGARDLESS OF WHETHER THAT CASE IS LATER CONVERTED UNDER A DIFFERENT BANKRUPTCY CHAPTER TO A CASE IN WHICH A MEETING OF CREDITORS MAY OR MAY NOT BE REQUIRED.

In affirming the bankruptcy court in the *Richards* case, the district court relied on the decision of Judge O'Brien in *In re Richards*, 43 B.R. 554 (Bkrtcy.Minn.1984).

Judge O'Brien based his decision on an interpretation of 11 U.S.C. § 341 and § 348. Judge O'Brien stated:

> The meeting [of creditors in the converted case] was not made necessary by § 341(a), since the date of the order for relief for purposes of that section remained the same as in the superseded case—i.e., the date of the chapter 11 petition. Consequently, the requirement of § 341(a) for a meeting of creditors remained satisfied after the conversion. 43 B.R. at 558.

To follow Judge O'Brien's reasoning to its logical conclusion, the meeting of creditors held in the converted case was not "held pursuant to § 341(a)" as provided in Bankruptcy Rule 4007(c). Accordingly, the time for filing complaints under 11 U.S.C. § 523(c) was not revived by the scheduling of a meeting of creditors (whether labeled first or second) in the converted case. 43 B.R. at 558.

An opposing viewpoint is offered by Judge DeGunther in *In re Cail*, 41 B.R. 795 (Bkrtcy.N.D.Ill.1984) and by Judge Bohanon in *In re Kellogg*, 41 B.R. 836 (Bkrtcy.W.D.Okla.1984). In *Cail*, Judge DeGunther held that:

> Following conversion to Chapter 7, a new Section 341(a) meeting under Chapter 7 is scheduled. This meeting is not a continuance of the original Section 341(a) meeting under Chapter 11. It is a fresh Section 341(a) meeting under Chapter 7, with a newly appointed Chapter 7 Interim Trustee presiding.... Therefore, upon conversion from Chapter 11 to Chapter 7, Rule 4007(c) requires a new notice of time to file a Complaint to Determine Dischargeability, and a renewed opportunity for creditors to so file. 41 B.R. at 796.

In *Kellogg*, Judge Bohanon relied on Bankruptcy Rule 1019 in holding that a motion for extension of time to object to the debtor's discharge or to determine dischargeability of a debt under 11 U.S.C. § 523(c) was timely under Bankruptcy Rules 4004(a) and 4007(c) when made within 60 days following the first date set for

the meeting of creditors *subsequent* to conversion. 41 B.R. 837. Bankruptcy Rule 1019 requires, at least implicitly, a new meeting of creditors in a case converted to chapter 7.

Judges DeGunther and Bohanon further reason that complaints for determination of dischargeability may be purposefully foregone in chapter 11 reorganization cases. *Cail*, 41 B.R. at 796; *Kellogg*, 41 B.R. at 837–38. Judge O'Brien contends that there is no compelling reason why a creditor who elects not to file such a complaint in a chapter 11 proceeding should be afforded a second chance upon conversion to chapter 7. *Richards*, 43 B.R. at 560.

Regardless of the folly involved in not filing a complaint to determine dischargeability of a debt or a motion for extension of time in which to do so in the 60 days following the first date set for the meeting of creditors in a chapter 11 case, this Court is inclined to follow the reasoning of Judges DeGunther and Bohanon. It is not atypical in chapter 11 cases for creditors early in such cases to be presented with a blossom of hope of future payment sufficient to forestall what is perceived as a costly and useless adversary proceeding. Further, in this division of this district a chapter 11 discharge is as rare as hens' teeth, making complaints to determine dischargeability of debts meaningless in the context of most chapter 11 cases.

This Court is also inclined to follow the reasoning of Judges DeGunther and Bohanon concerning the applicable statutes and rules. Section 348(a) provides that conversion of a case to a case under another chapter constitutes an order for relief. Section 341(a) and Bankruptcy Rule X–1006(a) may be interpreted to require a fresh meeting of creditors following the order for relief in a converted case. Bankruptcy Rule 1019(2) appears to contemplate this result. This construction (of the two which the words of the statutes and rules will support) is preferable in light of the realities of the administration and parties' rights in a case converted to one under a different chapter—which is in many ways a

different case. Bankruptcy Rule 4007(c) requires complaints to determine dischargeability of debts under § 523(c) to be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a), and this Court holds that Bankruptcy Rule 4007(c) includes the first date set for a meeting of creditors held pursuant to § 341(a) *in a converted case* such as this one.

The instant case was converted to a case under chapter 7, which constituted an order for relief under 11 U.S.C. § 348. Pursuant to 11 U.S.C. § 341(a) the clerk gave notice of the first date set for the meeting of creditors in the converted case. The plaintiff herein filed its complaint to determine dischargeability of debt within 60 days after that first date set for the meeting of creditors as required by Bankruptcy Rule 4007(c). In so ruling, the Court does not adopt the reasoning in *Richards* that the second scheduled meeting of creditors is not held pursuant to 11 U.S.C. § 341(a), but rather for purposes of 11 U.S.C. § 702. See *Richards*, 43 B.R. at 558.

The complaint in the instant case otherwise states a cause of action against the debtor.

For the foregoing reasons, it is ORDERED by the Court that the motion to dismiss filed by the debtor is denied, and that a copy of this order shall be sent through the United States mails to each of the following (which shall be sufficient service and notice hereof): the debtor's attorney, the plaintiff's attorney, the trustee, and the United States trustee.