In re Franklin CAIL and Rosemary Cail, d/b/a Cail Greenhouse & Flower Shop, Debtors.

BILL DORAN CO., a Corporation, Plaintiff,

v.

Franklin CAIL and Rosemary Cail, d/b/a Cail Greenhouse & Flower Shop, Defendants.

Bankruptcy No. 83-B-00740.
Adv. No. 84-A-2043.

United States Bankruptcy Court, N.D. Illinois, W.D.

Aug. 24, 1984.

John L. Olson, Rockford, Ill., for plaintiff.

Joseph D. Olsen, Rockford, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the Debtors, Franklin Cail and Rosemary Cail, to Dismiss the Complaint of Bill Doran Co. to Determine the Dischargeability of a Debt Under Section 523 of the Bankruptcy Code. The Debtors are represented by Attorney Joseph Olsen. The Plaintiff is represented by Attorney John Olson.

The Debtors filed a Chapter 11 case on August 24, 1983. Rule 4007(c) requires that a Complaint to Determine Dischargeability be filed not later than 60 days following the first date set for the Section 341(a) meeting. Rule 4007(c) further provides that "the Court shall give all creditors not less than 30 days notice of the date so fixed in the manner provided in Rule 2002". No such notice was sent in this case.

Subsequently, the case was converted to Chapter 7. The notice to creditors required by Rule 4007(c) was indeed sent at this time. The notice appears to be in compliance with Rule 4007(c) in that creditors are notified of a last date for filing a Complaint to Determine Dischargeability. The date is set not later than 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a) *in the converted Chapter 7 case.*

■ The apparent noncompliance with Rule 4007(c) upon filing of the Chapter 11 case is not relevant here. Following conversion to Chapter 7, a new Section 341(a) meeting under Chapter 7 is scheduled. This meeting is not a continuance of the original Section 341(a) meeting under Chapter 11. It is a fresh Section 341(a) meeting under Chapter 7, with a newly appointed Chapter 7 Interim Trustee presiding.

Here, a proper and timely notice was sent following conversion to Chapter 7, and a timely Complaint to Determine Dischargeability was filed.

■ Beyond technical compliance with the Rules, there are solid policy reasons for so holding. Many creditors will not be of a mind to file a dischargeability complaint at the outset of a Chapter 11 reorganization case. It is contemplated that their rights will be determined by a confirmed plan which might provide payment to them in full. In most instances it would be a costly and useless act to file a dischargeability complaint early in a Chapter 11 case. Not so in Chapter 7, where the creditors rights are determined not by a plan of reorganization, but by Sections 727, 523, and 524. Therefore, upon conversion from Chapter 11 to Chapter 7, Rule 4007(c) requires a new notice of time to file a Complaint to Determine Dischargeability, and a renewed opportunity for creditors to so file. That is what was done here.

The Court concludes that the Motion to Dismiss should be denied.

IT IS SO ORDERED.