### In re Charles R. KELLOGG, Debtor.

### Bankruptcy No. 83–314–A.

United States Bankruptcy Court,
W.D. Oklahoma.

Sept. 7, 1984.

W. Rogers Abbott, II, Oklahoma City, Okl., for debtor, Charles R. Kellogg.

Joe B. Reeves, Lawton, Okl., for Citizens Bank of Lawton.

## ORDER

RICHARD L. BOHANON, Bankruptcy Judge.

The Citizens Bank of Lawton has moved to extend the time to object to the debtor's discharge pursuant to 11 U.S.C. § 727(a) or to determine dischargeability of its debt under 11 U.S.C. § 523(c).

The case has been converted from one under Chapter 11 to a case under Chapter 7.

The motion is timely pursuant to Bankruptcy Rules 4004(a) and 4007(c) in that it was made within 60 days following the first date set for the meeting of creditors subsequent to conversion.

A threshold issue, however, is whether it must have been made within 60 days of the date first set for the meeting of creditors while the case was one under Chapter 11.

Read alone, Rules 4004(a) and 4007(c) might seem to require that the motion be made within 60 days of the Chapter 11 meeting. The issue must be considered, however, in light of Rule 1019 which pertains to procedures to be followed upon conversion. The Advisory Committee Note accompanying Rule 1019 is plain that a new meeting is required following conversion and that its date also controls the time for filing proofs of claim under Rule 3002(c). The note then states "[t]he same is true if the time for filing a complaint objecting to discharge or to determine nondischargeability of a debt had expired."

Reason also requires this result since, depending upon the plan, issues of discharge and nondischargeability may well

not be relevant in an individual Chapter 11 proceeding. See 11 U.S.C. § 1141(c) and (d).

■ We thus hold that the Bank's motion is timely.

The debtor then contends that the Bank has not shown sufficient cause for the extension as required by Rules 4004(b) and 4007(c).

■ In its motion the Bank asserts that the matters involved are complex, related to and intertwined with another case and there are several pending adversary proceedings which may affect administration of the estate. From previous hearings and contested matters in the case the Court is aware that there are complexities and that many parties and issues are affected. Furthermore while there is little authority dealing with the "for cause" requirement we believe extension should be granted liberally absent a clear showing of bad faith which is not indicated on this record.

The Bank also requests that the trustee be ordered to examine whether a ground exists for denial of discharge under 11 U.S.C. § 727(c)(2).

■ It is accordingly ordered that the time for bringing a complaint objecting to discharge or to determine dischargeability of the bank's debt is extended for a period expiring 120 days following the first date set for the meeting of creditors after conversion; and that the trustee is directed to examine the acts and conduct of the debtor to determine whether a ground exists for denial of a discharge.