In re Keith R. RICHARDS, Debtor.

**NATIONAL CITY BANK OF MINNEAPOLIS, Plaintiff,**

v.

**Keith R. RICHARDS, Defendant.**

**Bankruptcy No. 3–83–2087.
Adv. No. 84–0137.**

United States Bankruptcy Court,
D. Minnesota,
Third Division.

Sept. 25, 1984.

See also, Bkrtcy., 43 B.R. 554.

William Kampf, St. Paul, Minn., for defendant-debtor.

William Hull, Minneapolis, Minn., for plaintiff Nat. City Bank of Minneapolis (hereinafter "NCB").

DENNIS D. O'BRIEN, Bankruptcy Judge.

This matter came before the Court for hearing August 28, 1984, on Defendant's motion to dismiss the adversary proceeding for Plaintiff's failure to timely file its complaint objecting to dischargeability pursuant to Rule 4007(c) of the Rules of Bankruptcy Procedure. Based on the file, records, briefs and arguments of counsel, the Court makes the following Order pursuant to the Rules of Bankruptcy Procedure.

## I.

Keith R. Richards filed for reorganization under Chapter II of the United States Bankruptcy Code on December 13, 1984. Proper notice of the pending case was sent to NCB and received by it in the ordinary course. The notice set the date for the first meeting of creditors as February 9, 1984, and stated that objections to dischargeability under Sections 523(a)(2), (4) or (6) must be filed no later than April 9, 1984, which was 60 days after the first date set for the meeting of creditors.[1]

On April 12, 1984, this Court entered an order converting the case to a Chapter 7 liquidation. Thereafter, the Bankruptcy Court Clerk's office sent notice to NCB, received in the ordinary course, that the case had been converted. The notice set June 5, 1984, as the date for a meeting of creditors in the converted case and contained the following language in paragraph 6:

---

1. The notice provided in paragraph 7:

 7. *Discharge of Debts* The first date set for hearing on confirmation of a plan has been fixed as the last day to file a complaint objecting to discharge of debtor under Rule 4004(a). April 9, 1984, which is 60 days after the above date set for the meeting of creditors, has been fixed as the last day to file a complaint to determine dischargeability of a debt under Rule 4007(c). If no complaint objecting to discharge is filed timely, confirmation of the plan will discharge debtor under 11 U.S.C. Sec. 1141. If no complaint to determine dischargeability of a debt under clause (2), (4) or (6) of 11 U.S.C. Sec. 523(a) is filed timely, the debt may be discharged.

6. *Discharge of Debts August 6, 1984,* which is 60 days after the above date set for the meeting of creditors, has been fixed as the last day to file a complaint objecting to discharge under 11 U.S.C. Sec. 15727(a) or a complaint to determine dischargeability of a debt under 11 U.S.C. Sec. 523(c). If no complaint objecting to discharge is filed timely, debtor will be granted a discharge. If no complaint to determine dischargeability of a debt under clause (2), (4) or (6) of 11 U.S.C. Sec. 523(a) is filed timely, the debt may be discharged.

On June 12, 1984, NCB filed its Complaint in this adversary proceeding pursuant to Bankruptcy Rule 4007(a) for nondischargeability of a prepetition debt under 11 U.S.C. § 523(c). The complaint requested judgment "Declaring that Richard's obligations to NCB are not discharged under 11 U.S.C. § 727." An amended complaint was filed June 21, 1984, correcting the inadvertent reference to 11 U.S.C. § 727 and requesting nondischargeability under 11 U.S.C. § 523(a)(2).

Defendant argues: (1) that Rule 4007(c) required Plaintiff to file its complaint within 60 days following the first date set for the meeting of creditors held pursuant to Section 341(a) in the Chapter 11 case; (2) that conversion of the case from Chapter 11 to Chapter 7 did not create a new period in which to file the Complaint; and (3) that the Court has no discretion to extend the time since the period expired April 9, 1984, and no request to extend was timely made.

Plaintiff argues: (1) that the Clerk's second notice states August 6, 1984, as the last date for its Complaint to be properly filed in the converted case; (2) that the notice complied with the requirements of Official Form No. 16 and was properly issued pursuant to Rule 1019(2), which required notice of the conversion to be given to all creditors; and (3) that comparison of the relevant Code sections, 341(a) and 348(a), with the relevant Rules, 4007, 1019(2) and 1019(3), indicates that the last date for filing a complaint objecting to dischargeability under Section 523(c) is 60 days after the date set for the meeting of creditors in the converted case.

## II.

Rule 4007(c) provides:

TIME FOR FILING COMPLAINT UNDER § 523(c) IN CHAPTER 7 LIQUIDATION AND CHAPTER 11 REORGANIZATION CASES; NOTICE OF TIME FIXED. *A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).* The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired. (emphasis added)

Section 341(a) provides:

Within a reasonable time after the order for relief in a case under this title, there shall be a meeting of creditors. (11 U.S.C. § 341(a))

Section 348 of the Code provides:

Effect of Conversion:

(a) *Conversion of a case from a case under one chapter of this title to a case under another chapter of this title* constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of* the filing of the petition, *the commencement of the case, or the order for relief.*

(b) Unless the court for cause orders otherwise, in sections 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(b), 1121(c), 1141(d)(4), 1146(a), 1146(b), 1301(a), 1305(a), and 1328(a) of this title, 'the order for relief under this chapter' in a chapter to which a case has been converted under section 706, 1112, or 1307 of this title means the conversion of such case to such chapter.

(c) Sections 342 and 365(d) of this title apply in a case that has been converted under section 706, 1112, or 1307 of this title, as if the conversion order were the order for relief.

(d) A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under section 1112 or 1307 of this title, other than a claim specified in section 503(b) of this title, shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition.

(e) Conversion of a case under section 706, 1112, or 1307 of this title terminates the service of any trustee or examiner that is serving in the case before such conversion. (11 U.S.C. § 348, emphasis added)

 Here, the first date set for the meeting of creditors pursuant to Section 341(a) was April 9, 1984. Conversion of the Chapter 11 case to a case under Chapter 7 on April 12, 1984, did not change that fact. The purpose of Section 348 is to continue an existing bankruptcy proceeding under the chapter to which it is converted with those adjustments in certain Code sections affecting the rights and obligations of interested parties that Congress deemed are made necessary by the conversion. These adjustments are provided for in Subsections 348(b) through (e). Section 348 does not, by its terms, alter the rights of parties in any manner regarding the bringing of dischargeability actions under 523(c).

 While it is true that a meeting of creditors was required due to the conversion of this case from Chapter 11 to Chapter 7, it was the second scheduled meeting of creditors in the Debtor's bankruptcy case, not the first. The meeting was not made necessary by Section 341(a), since the date of the order for relief for purposes of that section remained the same as in the superseded case—i.e., the date of the Chapter 11 Petition.[2] Consequently, the requirement of Section 341(a) for a meeting of creditors remained satisfied after the conversion. The second meeting was needed, however, to satisfy the requirement of Section 702 which entitles qualified unsecured creditors to elect a trustee in Chapter 7 liquidation cases. See 702(a) and (b). Accordingly, the time to file Section 523(c) dischargeability actions under Rule 4007(c) was not revived by application of Sections 348 and 341(a) to the converted continuing case by the scheduling of a second meeting of creditors.

The time was not revived by application of Rule 1019 either. Rule 1019(2) requires that notice of conversion of a case to a Chapter 7 case be given to all creditors. The Advisory Committee Note to the Rule states that Official Form No. 16 may be adapted for that purpose. That form is the standard official notice form used entitled: ORDER FOR MEETING OF CREDITORS AND RELATED ORDERS, COMBINED WITH NOTICE THEREOF AND OF AUTOMATIC STAY. Although the official form contains notice language regarding the filing of dischargeability actions, that alone cannot create a right to file such actions where the right is not provided for elsewhere in the Code or Rules. The form is to be *adapted* for use in a converted case.

Rule 1019(3) states:

*Reconversion to Chapter 7.* When a chapter 7 case had been converted to a chapter 11 or chapter 13 case and thereafter reconverted to a chapter 7 case, if the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt expired in the original chapter 7 case, the time shall not be revived or extended except as provided in Rule 4004 or 4007.

Plaintiff argues that because the Rule does not specifically preclude revival of the time

---

2. See Section 348(a) which provides that although conversion of a case from a case under one chapter to another under Title 11 constitutes an order for relief, it does not effect a change in the date of the commencement of the case or order for relief except as provided in subsections (b) and (c) of that Section. Neither of those subsections refer to Section 341(a).

to file dischargeability actions when an original Chapter 11 case is converted to Chapter 7, the Supreme Court intended that the period be revived. Plaintiff also contends that if the period is not revived when a Chapter 7 case is converted to Chapter 11, the language precluding revival upon reconversion to a Chapter 7 is superfluous.

■ Addressing the second argument first, the Court observes that the mere conversion of a case from Chapter 7 to Chapter 11 or Chapter 13 does not *require* a meeting of creditors. Section 341(a) remains satisfied by the retroactive effect of the order for relief provided in Section 348(a). Furthermore, qualified unsecured creditors have no right to elect a trustee in the converted Chapter 11 or Chapter 13 case. Accordingly, neither Chapter 11 nor Chapter 13 has any provision comparable to Section 702. However, if the case be reconverted to Chapter 7, a subsequent meeting of creditors is required to satisfy the rights of qualified unsecured creditors under Section 702 to elect a trustee. The language of Rule 1019(3) precluding revival of the period to file dischargeability actions after such a reconversion *requiring* a subsequent meeting of creditors, is consistent with the foregoing analysis of Sections 348 and 341(a). It is also consistent with the plain language of Rule 4007(c).

■ Regarding determination of intent by omission, the Court observes that Rule 4007(c) clearly fixes the time within which dischargeability actions can be brought under Section 523(c). The time prescribed is absolute unless the Court, for cause, extends the period on motion made prior to expiration of the time fixed by the Rule.

Not only is this evident from the plain language of Rule 4007(c), but the limitations are further codified by Rule 9006(b)(3).[3]

The promulgation of Rule 4007(c) presents a substantial departure from the practice prior to its effective date. The Rule's predecessor, Rule 409(a)(2), provided an initial fixed period of 90 days for bringing such dischargeability actions, but allowed the Court to extend the time for cause on motion after the period fixed had expired.[4] The evolution of Rule 4007(c) clearly indicates the intent of the Supreme Court to establish a fixed period in which to bring dischargeability actions under Section 523(c), with the limited exception of cause shown on motion made prior to its expiration. The mere omission of a particular conversion scenario in Rule 1019(3) does not justify an inference that the Supreme Court intended thereby to erode proscriptions plainly stated in Rules 4007(c) and 9006(b)(3).

Therefore, the Court concludes that Rule 4007(c) controls the time within which Plaintiff could properly bring its dischargeability complaint in this case based on its prepetition claim. That time expired April 9, 1984, which was 60 days after the first date set for the meeting of creditors in the case. Subsequent conversion from Chapter 11 to Chapter 7 April 12, 1984, did not expand or create a new time in which to file the action in the continuing converted case. Plaintiff, having failed to bring the action or seek extension within the time allowed, has failed to state a claim for which relief can be granted. Defendant is entitled to dismissal.

**3.** See also, *In re Johnson,* 35 B.R. 79 (Bankr. Conn.1983).

**4.** Rule 409(a)(2) provided:
(a) Proceeding to Determine Dischargeability. (2) Time for Filing Complaint Under § 17c(2) of the Notice of Time Fixed. The Court shall make an order fixing a time for the filing of a complaint to determine the dischargeability of any debt pursuant to § 17c(2) of the Act. The time shall be not less than 30 days nor more than 90 days after the first date set for the first meeting of creditors, except that if notice of no

dividend is given pursuant to Rule 203(b), the court may fix such time as early as the first date set for the first meeting of creditors. The court shall give creditors at least 30 days' notice of the time so fixed except that only 10 days' notice is required if notice of no dividend is given under Rule 203(b). Such notice shall be given to all creditors in the manner provided in Rule 203. The court may for cause, on its on initiative or on application of any party in interest, extend the time fixed under this paragraph.

THEREFORE, IT IS ORDERED: that this adversary proceeding be dismissed with prejudice, each party to bear that party's own costs. The effect of this order shall be stayed for a period of ten (10) days from its date.