FAGG, Circuit Judge.
 

 F & M Marquette National Bank (the Bank) appeals from the district court’s decision affirming the bankruptcy court’s dismissal of its complaint to determine the dischargeability of a debt as untimely. We reverse.
 

 
 *25
 
 Keith R. Richards filed a petition under chapter 11 of the United States Bankruptcy Code on December 13, 1983. The clerk of the bankruptcy court sent a notice to Richards’ creditors stating that the first meeting of the creditors would be held on February 7, 1984. This notice also provided that complaints to determine the discharge-ability of debts were to be filed no later than sixty days following the first date set for the meeting of creditors.
 
 See
 
 Bankruptcy Rule 4007(c). Upon stipulation by the Bank and Richards, however, the bankruptcy court extended the time in which the Bank could properly file a complaint until July 9, 1984.
 

 Prior to the expiration of the Bank’s extended period for filing its complaint but after the prescribed sixty day filing period had expired, Richards’ case was converted from chapter 11 to chapter 7. In accordance with Bankruptcy Rule 1019(2), the clerk sent a notice of the conversion to the creditors and set June 5, 1984, as the date for the meeting of creditors in the chapter 7 proceeding. The notice further provided that the final date for the filing of a complaint to determine dischargeability of a debt would be August 6, 1984. The Bank filed its complaint on August 1, 1984.
 

 On September 4, 1984, Richards filed a motion to dismiss the Bank’s complaint. Richards claimed that because a conversion from chapter 11 to chapter 7 does not effect a change in the date of the order for relief, the Bank’s deadline for filing its complaint in the chapter 11 proceeding remained intact upon conversion to chapter 7.
 
 See
 
 11 U.S.C. § 348(a). Therefore, the Bank’s complaint was untimely filed. In response, the Bank claimed that the conversion of Richards’ bankruptcy case generated a new sixty day period for the filing of a complaint. The bankruptcy court rejected the Bank’s position and granted Richards’ motion to dismiss the Bank’s complaint as untimely.
 
 In re Richards,
 
 43 B.R. 554 (D.Minn.1984). The bankruptcy court’s dismissal was affirmed by the district court.
 
 F & M Marquette National Bank v. Richards,
 
 47 B.R. 423 (D.Minn.1985).
 

 The single issue to be decided by this court is whether the conversion of a bankruptcy case from chapter 11 to chapter 7 provides creditors with a new sixty day period in which to file complaints to determine the dischargeability of debts. From an analysis of the applicable statutes and Bankruptcy Rules, we conclude that the conversion to chapter 7 does generate a new time period for filing dischargeability complaints.
 

 Although the filing of a petition under chapter 11 is an order for relief,
 
 see
 
 11 U.S.C. § 301, the conversion of a bankruptcy case from chapter 11 to chapter 7 also constitutes an order for relief. 11 U.S.C. § 348(a). Furthermore, a meeting of creditors is required to be held within a reasonable time after an order for relief. 11 U.S.C. § 341(a). Thus, a new meeting of creditors is required upon conversion from chapter 11 to chapter 7.
 
 See
 
 Bankruptcy Rule 1019(2). This new meeting of creditors is not a continuation or extension of the meeting of creditors in the previous chapter 11 proceeding. Rather, it is a separate and distinct meeting in which a new trustee must be selected.
 
 See
 
 11 U.S.C. § 348(e); Advisory Committee Note to Rule 1019(2).
 

 The time fixed for filing a complaint to determine dischargeability of a debt is keyed to the first date set for the meeting of creditors. Rule 4007(c). Because the meeting of creditors that is required upon a conversion from chapter 11 to chapter 7 is unrelated to the meeting held in the previous chapter 11 proceeding, we conclude that the date fixed for the meeting is “the first date set for the meeting of creditors” within the context of Rule 4007(c). Therefore, we hold that creditors receive a fresh sixty day period for filing their complaints.
 

 In his interpretation of section 348(a), Richards claims that because a conversion does not effect a change in the date of the order for relief and a meeting of creditors was held in the previous chapter 11 proceeding, creditors have only one opportunity in which to file their complaints. We disagree.
 

 
 *26
 
 Section 348(a) provides that “those provisions of the Code which are keyed to the date of entry of the order for relief for their operation are unaffected * * * by conversion.” • 2 W. Collier, Collier on Bankruptcy § 348.02 (15th ed. 1979). The time fixed for filing dischargeability complaints, however, is keyed not to the date of the order for relief but to the first date set for the meeting of creditors.
 
 See
 
 Rule 4007(c).
 

 Even if we were to agree with Richards’ position that the sixty day period for filing dischargeability complaints is somehow keyed to the date of the order for relief, we would not reach the conclusion reached by the bankruptcy court and the district court. For purposes of the dis-chargeability of debts, the conversion becomes the order for relief in the converted proceeding. 11 U.S.C. § 348(b). Thus, all debts that arose before the date of the conversion are discharged, “[e]xcept as provided in [11 U.S.C. § 523].” 11 U.S.C. § 727(b). Section 523 provides for the filing of dischargeability complaints and sets out the grounds for such complaints. It necessarily follows from the interplay of these statutory provisions that a conversion from chapter 11 to chapter 7 provides creditors with a new sixty day period in which to file their dischargeability complaints “following the first date set for the meeting of creditors held pursuant to § 341(a)” in the converted chapter 7 proceeding. Rule 4007(c).
 

 Richards, at bottom, interprets section 348(a) for self-serving purposes in claiming that because a meeting of creditors was held in the previous chapter 11 proceeding, his creditors should have only one opportunity in which to file their dis-chargeability complaints, regardless of the fact that his ease was converted to another chapter. We decline to construe the statutes and rules so narrowly.
 

 We believe, as other courts have observed, that creditors may be less likely to file a dischargeability complaint in a chapter 11 proceeding where a reorganization plan may provide payments to them in full as opposed to a chapter 7 proceeding where their rights are determined by liquidation.
 
 See In re Kellogg,
 
 41 B.R. 836, 837-38 (W.D.Okla.1984);
 
 In re Cail,
 
 41 B.R. 795, 796 (N.D.Ill.1984).
 

 Hence, if we were to adopt Richards’ position that creditors do not receive a fresh sixty day period after conversion from chapter 11 to chapter 7, a debtor, knowing that creditors have not filed their dischargeability complaints within the sixty day period, could then discharge those debts by converting the case from chapter 11 to chapter 7 after the filing period has expired. Such an interpretation would allow a debtor who may have fraudulently procured a debt to discharge that debt based on an unwarranted construction of a procedural rule. We conclude that neither Congress in its enactment of section 348(a) nor the Advisory Committee in its promulgation of Rule 4007(c) intended such a result.
 

 Accordingly, the decisions of the bankruptcy court and the district court dismissing the Bank’s complaint to determine the dischargeability of a debt are reversed.