In re William R. BLATZ and Mary Jo Blatz, Debtors.

Bankruptcy No. 82–02897.

United States Bankruptcy Court, E.D. Wisconsin.

Feb. 28, 1986.

Robert K. Steuer, Milwaukee, Wis., for Creditors' Committee.

Jack U. Shlimovitz, Milwaukee, Wis., for debtors.

Howard A. Schoenfeld, Milwaukee, Wis., Chapter 7 Trustee.

## DECISION

JAMES E. SHAPIRO, Bankruptcy Judge.

The issue presented in this case is whether creditors are entitled to a new period to file complaints to determine the dischargeability of debts or to object to the debtors'

discharge after a case has been converted from Chapter 11 to Chapter 7.

William Richard Blatz and Mary Jo Blatz ("debtors") filed a petition under Chapter 11 of the Bankruptcy Code on August 26, 1982. The notice of the § 341(a) meeting sent to creditors established November 23, 1982 as the deadline to file complaints to determine the dischargeability of any debts and to object to the discharge of the debtors. On March 10, 1983, the Chapter 11 case was converted to a Chapter 7 case. On February 22, 1984, notice of the conversion was sent by the Bankruptcy Clerk for this District to the creditors. In the notice of conversion, April 22, 1984 was fixed as the last date to file complaints to determine the dischargeability of any debts and also as the last date to file objections to the debtors' discharge. The February 22, 1984 notice also stated that another § 341(a) hearing would not be held unless a request was filed by any party in interest within 15 days from the date of the notice. No such request was made. On March 7, 1984, the following "Amended Notice of Conversion" was sent to the creditors by the Bankruptcy Clerk:

"The Notice of conversion dated February 22, 1984, erroneously stated the last day to file objections to discharge and complaints to determine dischargeability as April 22, 1984.

November 23, 1982 had been set as the bar date during the Chapter 11, therefore, a new date is not required."

The creditors' committee appointed in the Chapter 11 case has filed a motion to extend the time to file a complaint objecting to the discharge of the debtors.[1]

Until recently, there was a split of authority on this issue. *In re Cail*, 41 B.R. 795 (Bankr.N.D.Ill.1984) and *In re Kellogg*, 41 B.R. 836 (Bankr.W.D.Okla.1984) support the position of the creditors' committee.

Both cases hold that upon the coversion of a case from Chapter 11 to Chapter 7, creditors are entitled to a new period to file complaints to determine the dischargeability of debts. Although the creditors' committee in the case at bar is seeking an extension of time to file a complaint objecting to the debtors' discharge, the underlying rationale for the granting of such an extension is the same as that for the filing of complaints to declare debts non-dischargeable. In *Cail*, *supra*, the court, in declaring that there are solid policy reasons for providing such a new opportunity, asserted at p. 796:

"Many creditors will not be of a mind to file a dischargeability complaint at the outset of a Chapter 11 reorganization case. It is contemplated that their rights will be determined by a confirmed plan which might provide payment to them in full. In most instances, it would be a costly and useless act to file a dischargeability complaint early in a Chapter 11 case."

In order to obtain a successful plan of reorganization, it is vital that a spirit of cooperation exists between creditors and the debtor. When the Chapter 11 case has been converted to a Chapter 7 case, the "honeymoon" is over and that spirit disappears.

In *Kellogg*, *supra*, the court reached the same result as in *Cail*, noting that the issues of discharge and dischargeability may not be relevant in a Chapter 11 proceeding.

Bankruptcy Rule 1019(3) provides additional authority for the proposition that new deadlines should be granted after the conversion of a case from Chapter 11 to Chapter 7. Bankruptcy Rule 1019(3) specifically states that where the time to file a complaint objecting to discharge or to file a complaint to determine the dischargeability

---

1. The debtors have challenged the standing of the creditors' committee to bring this motion because of the conversion of the case from Chapter 11 to Chapter 7. *4 Collier on Bankruptcy* § 705.03(2) (15th Ed.1985) states that creditors' committees "may appear before the bankruptcy court in a liquidation case." The court interprets this to mean that the creditors' committee has standing to move for an extension of time to object to the debtors' discharge. In any event, because Howard Schoenfeld, the duly appointed Chapter 7 trustee, has joined in this motion and, as trustee, clearly has standing under 11 U.S.C. § 727, this issue is moot.

of any debt has expired, such time cannot thereafter be extended upon reconversion. The key word is "reconversion." Because of the lack of similar language in the Bankruptcy Rules dealing with conversion (as contrasted with reconversion), by implication this suggests that new deadlines should be provided when conversion occurs.

The opposing view on this issue appears in *F & M Marquette National Bank v. Richards*, 43 B.R. 554 (Bankr.D.Minn.1984) (aff'd 47 B.R. 423, D.Minn.1985) holding that conversion does not expand or create new time periods for the filing of complaints to declare debts non-dischargeable. On December 27, 1985, this result of the Bankruptcy and District Court judges was reversed by the Eighth Circuit, *F & M Marquette National Bank v. Richards*, 780 F.2d 24 (8th Cir.1985), in its ruling that creditors are entitled to a fresh 60 day period for the filing of complaints to determine the dischargeability of debts. The Eighth Circuit declared:

"If we were to adopt (debtor's) position that creditors do not receive a fresh sixty day period after conversion from Chapter 11 to Chapter 7, a debtor, knowing that creditors have not filed their dischargeability complaints within the 60 day period, could then discharge those debts by converting the case from Chapter 11 to Chapter 7 after the filing period has expired. Such an interpretation would allow a debtor who may have fraudulently procured a debt to discharge that debt based on an unwarranted construction of a procedural rule. We conclude that neither Congress in its enactment of section 348(a) nor the Advisory Committee in its promulgation of Rule 4007(c) intended such a result."

The opinions of the Eighth Circuit in *F & M Marquette National Bank v. Richards* and of the bankruptcy courts in *Cail* and *Kellogg* are persuasive. Accordingly, the court shall extend for 60 days from the date this decision becomes final the period of time to object to the debtors' discharge and the period of time for creditors to file complaints to determine the dischargeability of debts.