**In re Maurice GORALNICK, aka Murray Goralnick, Elaine Goralnick, Debtors.**

**Maurice GORALNICK, Elaine Goralnick, Appellants/Debtors,**

v.

**George BROMBERG, Appellee/Creditor.**

**BAP No. CC 86–1830–JMov. Bankruptcy No. LA85–03754–BR. Adv. No. LA86–1444–BR.**

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Submitted Without Oral Argument May 28, 1987.

Decided July 24, 1987.

Martin A. Rechnitzer, Reinjohn, Clements, Burgess & Holston, San Fernando, Cal., for appellants/debtors.

Gary A. Starre, Los Angeles, Cal., for appellee/creditor.

Before JONES, MOOREMAN and VOLINN, Bankruptcy Judges.

## OPINION

JONES, Bankruptcy Judge:

The debtors appeal the trial court's denial of their motion to dismiss an adversary proceeding. We affirm.

## FACTS

On March 21, 1985, the debtors, Maurice and Elaine Goralnick, filed a voluntary petition under chapter 11 of the Bankruptcy Code ("Code"). On the petition date, the appellee, George Bromberg, was a plaintiff in a state court lawsuit against the debtors and several other defendants. The debtors listed Bromberg on their schedules. Bromberg was notified by the clerk's office of the date of the first meeting of creditors pursuant to Code section 341(a) ("341 meeting"), 11 U.S.C. section 341(a),[1] and of the bar date for filing complaints to determine dischargeability of a debt pursuant to Code section 523(c), 11 U.S.C. section 523(c).[2] Bromberg attended the 341 meeting which was held on the scheduled date, June 11, 1985. As of the bar date for filing complaints to determine dischargeability, August 12, 1985, Bromberg had neither filed a complaint nor sought an extension of time to do so.

On February 13, 1986, the case was converted, at the debtors request, to a chapter 7 proceeding. The clerk's office notified Bromberg and all other creditors that the 341 meeting in the chapter 7 case was scheduled for March 31, 1986 and that the new bar date for filing dischargeability complaints was May 30, 1986.

Bromberg filed a complaint to determine dischargeability of a debt on May 29, 1986. The debtors moved to dismiss the proceeding because the complaint had not been filed by the original August 12, 1985 bar date. The trial court denied the motion and the debtors appeal.[3]

## STANDARD OF REVIEW

The sole issue before the Panel is whether the conversion of a bankruptcy case from a chapter 11 proceeding to a chapter 7 results in a new period for filing objections to discharge. To resolve this appeal we must construe certain provisions of the Bankruptcy Code and Rules. This is a question of law. *See Mobil Sales and Supply Corp. v. The Panamax Venus*, 804 F.2d 541, 542 (9th Cir.1986); *Spawr v. United States*, 796 F.2d 279, 280 (9th Cir. 1986). Accordingly, we review de novo the trial court's denial of the motion to dismiss.

## DISCUSSION

The debtors argue that the bankruptcy court erred in holding that conversion of a chapter 11 proceeding to a chapter 7 provides creditors with a new sixty day period in which to file complaints to determine dischargeability. The debtors bear a heavy burden. In every reported decision addressing this issue,[4] the court has held that conversion does provide a new period for filing complaints. *F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24 (8th Cir.1985); *In re Tosenberger*, 67 B.R. 256 (Bankr.N.D.Ohio 1986); *In re Watts*, 59

---

1. Code section 341(a) states: "Within a reasonable time after the order for relief in a case under this title, there shall be a meeting of creditors." 11 U.S.C. section 341(a).

2. Code section 523(c) provides that on request of a creditor, a debtor may be denied a discharge for certain types of obligations specified in Code section 523(a)(2), (4), and (6). Bankruptcy Rule 4007(c) requires that complaints pursuant to section 523(c) be filed within 60 days after the first date set for the 341 meeting.

3. The denial of a motion to dismiss an adversary proceeding is an interlocutory order. *See In re Benny*, 791 F.2d 712, 718 (9th Cir.1986) (denial of motion to dismiss does not end litigation on merits and therefore is not a final or-

der). The debtors did not file a motion for leave to appeal, Bankr. Rule 8003(a), but such an improperly taken appeal is treated as a motion for leave to appeal, Bankr. Rule 8003(c). The Panel granted the debtors leave to appeal and also determined, pursuant to Bankruptcy Appellate Panel Rule 3(a), that oral argument was not needed in this case.

4. Two reported cases have held that conversion does not provide creditors with a new period for filing complaints. *F & M Nat'l Bank v. Richards*, 47 B.R. 423 (D.Minn.1985); *In re Richards*, 43 B.R. 549 (Bankr.D.Minn.1984). These two decisions represent the bankruptcy and district court decisions that were reversed by the eighth circuit in *F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24 (8th Cir.1985).

B.R. 779 (Bankr.N.D.Ala.1986); *In re Blatz,* 58 B.R. 112 (Bankr.E.D.Wis.1986); *In re Cail,* 41 B.R. 795 (Bankr.N.D.Ill. 1984); *In re Kellogg,* 41 B.R. 836 (Bankr. W.D.Okla.1984). The debtors argue that the cited decisions are poorly reasoned and that we should therefore reject them. For the reasons set forth below, we decline to do so.

At the outset, we agree with the following reasoning of the eighth circuit in *Richards:*

> Although the filing of a petition under chapter 11 is an order for relief, see 11 U.S.C. section 301, the conversion of a bankruptcy case from chapter 11 to chapter 7 also constitutes an order for relief. 11 U.S.C. section 348(a). Furthermore, a meeting of creditors is required to be held within a reasonable time after an order for relief. 11 U.S.C. section 341(a). Thus, a new meeting of creditors is rquired upon conversion from chapter 11 to chapter 7. See Bankruptcy Rule 1019(2). This new meeting of creditors is not a continuation or extension of the meeting of creditors in the previous chapter 11 proceeding. Rather, it is a separate and distinct meeting in which a new trustee must be selected. See 11 U.S.C. section 348(e); Advisory Committee Note to Rule 1019(2).
>
> The time fixed for filing a complaint to determine dischargeability of a debt is keyed to the first date set for the meeting of creditors. Rule 4007(c). Because the meeting of creditors that is required upon a conversion from chapter 11 to chapter 7 is unrelated to the meeting held in the previous chapter 11 proceeding, we conclude that the date fixed for the meeting is "the first date set for the meeting of creditors" within the context of Rule 4007(c). Therefore, we hold that creditors receive a fresh sixty day period for filing their complaints.

This conclusion is further supported by Bankruptcy Rule 1019(3) which states:

> (3) Reconversion to chapter 7. When a chapter 7 case had been converted to a chapter 11 or chapter 13 case and thereafter reconverted to a chapter 7 case, if the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt expired in the original chapter 7 case, the time shall not be revived or extended except as provided in Rule 4004 or 4007.

By specifically stating that new periods for filing dischargeability complaints do not arise upon *reconversion,* Rule 1019(3) implies that new periods do arise upon *conversion. See In re Blatz,* 58 B.R. at 113–114; *In re Kellogg,* 41 B.R. at 837. The Advisory Committee Note to Rule 1019 suggests even more strongly that a new period arises upon conversion. Addressing conversions from chapters 11 or 13 to chapter 7 the Note states:

> The right to elect a trustee is not lost because the chapter 7 case follows a chapter 11 or 13 case. Thus a meeting of creditors is necessary. *The date fixed for the meeting of creditors will control at least the time for filing claims pursuant to Rule 3002(c). That time will remain applicable in the ensuing chapter 7 case except as paragraph (3) provides,* if that time had expired in an earlier chapter 7 case which was converted to the chapter 11 or 13 case, it is not revived in the subsequent chapter 7 case. *The same is true if the time for filing a complaint objecting to discharge or to determine nondischargeability of a debt had expired.*

(emphasis added). These comments clearly suggest that the Advisory Committee intended that there be a new period for filing dischargeability complaints upon conversion, but not upon reconversion.

Several policy considerations also support our conclusion that a new period for filing complaints arises upon conversion. First, this conclusion comports with the expectations of creditors. The court in *In re Cail* stated:

> Many creditors will not be of a mind to file a dischargeability complaint at the outset of a Chapter 11 reorganization case. It is contemplated that their rights will be determined by a confirmed plan which might provide payment to them in

full. In most instances it would be a costly and useless act to file a dischargeability complaint early in a Chapter 11 case. Not so in Chapter 7, where the creditors rights are determined not by a plan of reorganization, but by Sections 727, 523, and 524.

41 B.R. at 796; *see Richards,* 780 F.2d at 26; *In re Tosenberger,* 67 B.R. at 258; *In re Watts,* 59 B.R. at 781; *In re Kellogg,* 41 B.R. at 837–38. Moreover, as alluded to in the *Cail* decision, a post-conversion period for filing dischargeability complaints may reduce the cost to creditors of protecting their rights because in a successful chapter 11 case the creditor may be able to avoid the trouble and expense of investigation and discovery that accompanies commencement of an adversary proceeding.

The debtors argue that a minority of chapter 11 cases result in successful reorganizations and that even in successful cases unsecured creditors seldom receive full payment. The debtors therefore assert that "it is incomprehensible that an unsecured creditor, ... would contemplate receipt of payment(s) in full." We disagree. When a chapter 11 petition is filed in good faith the debtor presumably intends to make its best efforts to reorganize and to pay creditors as much as possible. Creditors have every right to expect the debtor to do so and to expect the reorganization to succeed. We reject the argument that creditors should assume that every reorganization will fail or will pay only pennies on the dollar.

Second, if a creditor does not file a complaint in a reorganization case, the debtor and the creditor are not in an adversarial position against one another. As a result, the creditor is more likely to cooperate in formulating a workable plan. *See In re Blatz,* 58 B.R. at 113. This may facilitate successful reorganizations.

Finally, a post-conversion period for filing complaints may reduce the volume of paperwork in bankruptcy cases because in successful chapter 11 cases, many complaints will never be filed. An interpretation of the Bankruptcy Code and Rules that is fair to the parties and reduces the bur-

den on the court and the clerk's office must be favored.

Accordingly we hold that when a chapter 11 or 13 case is converted to a chapter 7, a new period arises for filing complaints objecting to discharge or dischargeability. The order of the trial court denying the debtors' motion to dismiss is therefore AFFIRMED.