### In re Donald A. KIRKPATRICK, Debtor.

### CITIZENS FIRST NATIONAL BANK OF NEW JERSEY, Plaintiff,

v.

### Donald A. KIRKPATRICK, Defendant.

Bankruptcy No. 86–30049.
Adv. No. 87–7035.

United States Bankruptcy Court, S.D. New York.

Oct. 19, 1990.

James J. DeLuca, Okin, Cohen & Hollander, Fort Lee, N.J., for plaintiff.

Lewis D. Wrobel, Wrobel & Genova, Poughkeepsie, N.Y., for debtor, defendant.

### DECISION ON MOTION TO DISMISS DISCHARGEABILITY COMPLAINT AS UNTIMELY FILED

JEREMIAH E. BERK, Bankruptcy Judge.

The Debtor moves pursuant to Fed.R. Bankr.P. 7012(b) ("B.R.")[1] to dismiss the complaint of Citizens First National Bank of New Jersey, which seeks to except from discharge a $246,655.54 claim under Bankruptcy Code § 523(a)(2)(A), (4) and (6), 11 U.S.C. § 523(a)(2)(A), (4) and (6), on the ground that it was untimely filed in violation of B.R. 4007(c).

### FINDINGS OF FACT

The Debtor and his spouse filed a joint Chapter 7 petition on February 14, 1986. Plaintiff was listed as a general unsecured creditor on Schedule A–3. By virtue of such listing, Plaintiff timely received the Order for Meeting of Creditors, entered February 19, 1986, which fixed May 23, 1986 (the "bar date") as the last day for filing discharge and dischargeability complaints.

---

1. Although the Debtor cites B.R. 7041 and Fed. R.Civ.P. 41 in support of his motion to dismiss, we deem the proper authority for such motion to be B.R. 7012(b).

No such complaints were filed prior to the bar date. Although one creditor, Superior Savings Association, obtained an extension of the bar date to July 23, 1986, it did not file a complaint.

The Discharge Hearing was adjourned from time to time for failure of the Debtors to attend. An Order to Show Cause for Denial of Discharge was issued on December 8, 1986 for their continued failure to appear at a Discharge Hearing. At the hearing on the Order to Show Cause, Donald Kirkpatrick requested that entry of his Discharge Order be extended for 30 days pursuant to B.R. 4004(c). His spouse subsequently sought the same relief. Both requests were granted as, during the interim, the Debtors had moved to dismiss their case or, alternatively, to convert it to Chapter 11. Further extensions of the entry of their Discharge Orders were granted during the pendency of the dismissal/conversion motions.

On July 27, 1987, the joint Chapter 7 case was converted to Chapter 11. The Order for Meeting of Creditors, entered August 5, 1987 upon conversion of the case to Chapter 11, stated that the first date for the Meeting of Creditors was September 25, 1987. Although a new date for filing objections to discharge was fixed in this Order, no date for filing dischargeability complaints was set. The Order stated that no dischargeability bar date applied to the converted Chapter 11 case. Plaintiff filed the instant dischargeability complaint on November 20, 1987, 56 days after the date set for the Section 341 meeting of creditors in the converted Chapter 11 case.

Once in Chapter 11, the Debtors attempted without success to formulate a plan of reorganization. Donald Kirkpatrick ultimately moved to have his case reconverted to Chapter 7 and an Order granting this relief was entered on February 23, 1988. His spouse moved to dismiss her Chapter 11 case, which motion was granted on March 16, 1988. No dischargeability complaint filing bar date was fixed in the husband's reconverted Chapter 7 case.

## DISCUSSION

Plaintiff contends that the dischargeability complaint was timely filed pursuant to B.R. 4007(c) because it was filed within 60 days of the first meeting of creditors set in the *subsequent* Chapter 11 case. The Debtor, on the other hand, argues that the complaint is untimely as it was not filed within 60 days of the first meeting of creditors set in the Debtor's *original* Chapter 7 case.

The sole issue presented is whether a new period for filing dischargeability complaints begins in a converted Chapter 11 case where such period has expired in the preceding Chapter 7 case.

Code § 523(c) states that debts as described in Code § 523(a)(2), (4) and (6) are discharged unless a complaint objecting to the dischargeability of those debts is sustained. B.R. 4007(c), in turn, fixes the time for filing such complaints under Code § 523(c) in Chapter 7 and 11 cases. It provides:

> A complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a). The court shall give all creditors not less than 30 days notice of the time so fixed in the manner provided in Rule 2002. On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be made before the time has expired.

Upon the expiration of this period, the Debtor's discharge must be granted "forthwith". B.R. 4004(c).

The authority to extend this period is granted by B.R. 9006(b)(3) which provides that the court may enlarge the time for taking action under B.R. 4007(c) "only to the extent and under the conditions" set forth in B.R. 4007(c). Whereas the predecessor to B.R. 9006(b)(3) "specifically granted the Court the privilege to extend the deadline for filing complaints relating to discharge or dischargeability ... upon a showing of excusable neglect," *In re Lane,*

37 B.R. 410, 411–12 (Bankr.E.D.Va.1984), the court no longer may exercise any discretion in extending the time period fixed in B.R. 4007. *In re Kearney,* 105 B.R. 260, 262 (Bankr.E.D.Pa.1989); *In re Falk,* 96 B.R. 901, 907 (Bankr.D.Minn.1989) (B.R. 4007(c) "dramatically changed the wide discretion given to bankruptcy judges"); *In re Barr,* 47 B.R. 334, 336 (Bankr.E.D.N.Y. 1985).

In our case, the time for filing dischargeability complaints in the original Chapter 7 case for all creditors (with the exception of Superior Savings Association) expired May 23, 1986. Plaintiff did not move to extend this time. The Discharge Order ordinarily would have been entered shortly after that date, but for the Debtor's failure to attend the Discharge Hearing and the various extensions of the entry of this Order he obtained.

Plaintiff nevertheless argues that the conversion of the Chapter 7 case to Chapter 11 caused a new period for filing dischargeability complaints to begin. In support of this argument, Plaintiff primarily relies on B.R. 1019(3). Entitled "Conversion of Chapter 11 Reorganization Case or Chapter 13 Individual's Debt Adjustment Case to Chapter 7 Liquidation Case," this rule, as amended in 1987, provides:

> A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11 or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

The earlier version of this rule did not mention the effect that conversion of a Chapter 11 or Chapter 13 case would have on the bar date for filing objections to discharge and dischargeability in the subsequent Chapter 7 case. This deficiency caused a flurry of decisions that attempted to resolve the issue. *F & M Marquette National Bank v. Richards,* 780 F.2d 24 (8th Cir.1985); *In re Goralnick,* 81 B.R. 570 (9th Cir.Bankr.1987); *In re Tosenberger,* 67 B.R. 256 (Bankr.N.D.Ohio 1986); *Matter of Schwartzman,* 63 B.R. 348 (Bankr.S.D. Ohio 1986); *In re Watts,* 59 B.R. 779 (Bankr.N.D.Ala.1986); *In re Blatz,* 58 B.R. 112 (Bankr.E.D.Wis.1986); *In re Cail,* 41 B.R. 795 (Bankr.N.D.Ill. 1984); *In re Kellogg,* 41 B.R. 836 (Bankr. W.D.Okla.1984).

These decisions generally held that upon conversion from Chapter 11 to Chapter 7, a new period for filing dischargeability complaints commences. Reasoning typical of these cases includes the following:

> We believe, as other courts have observed, that creditors may be less likely to file a dischargeability complaint in a chapter 11 proceeding where a reorganization plan may provide payments to them in full as opposed to a chapter 7 proceeding where their rights are determined by liquidation.
>
> Hence, if we were to adopt [the debtor's] position that creditors do not receive a fresh sixty day period after conversion from chapter 11 to chapter 7, a debtor, knowing that creditors have not filed their dischargeability complaints within the sixty day period, could then discharge those debts by converting the case from chapter 11 to chapter 7 after the filing period has expired. Such an interpretation would allow a debtor who may have fraudulently procured a debt to discharge that debt based on an unwarranted construction of a procedural rule.

*F & M Marquette National Bank v. Richards,* 780 F.2d at 26 (citations omitted). The rationale of these decisions and B.R. 1019(3) are inapplicable for the following reasons.

B.R. 1019(3) and the cases mentioned are concerned with the lulling effect that a reorganization case has on creditors. While filing a dischargeability complaint is an option available to creditors in an individual Chapter 11 case, more often than

not "[m]any creditors will not be of a mind to file a dischargeability complaint at the outset of a Chapter 11 reorganization case." *In re Cail,* 41 B.R. at 796. Rather, creditors in a Chapter 11 case typically expect that "their rights will be determined by a confirmed plan which might provide payment to them in full." *Id.; In re Watts,* 59 B.R. at 781 ("It is not atypical in chapter 11 cases for creditors early in such cases to be presented with a blossom of hope of future payment sufficient to forestall what is perceived as a costly and useless adversary proceeding."). As one court also observed, "In order to obtain a successful plan of reorganization, it is vital that a spirit of cooperation exists between creditors and the debtor. When the Chapter 11 has been converted to a Chapter 7 case, the 'honeymoon' is over and that spirit disappears." *In re Blatz,* 58 B.R. at 113.

Where, as here, the case is originally commenced as a Chapter 7 case, all that is contemplated is liquidation, not reorganization. In a Chapter 7 case, the time period for filing dischargeability complaints is fixed and due notice to all parties in interest is given of this bar date. No one is lulled into foregoing rights in the expectation that there will be a reorganization. In our case we can find no attempt to lull or mislead creditors into not filing timely dischargeability exceptions. Any failure to file such complaint, or to obtain an extension of time, during the pendency of the original Chapter 7 case results solely from creditor inaction. The fortuitous conversion of the Debtor's Chapter 7 case to Chapter 11 after the time for objecting to dischargeability has expired is no substitute for Plaintiff's failure to act timely.

B.R. 1019(3) does not address the Chapter 7 case that converts to Chapter 11 after the bar date for dischargeability complaints has passed. In our case, had the time not expired in the original Chapter 7, the Plaintiff may have had some residual time remaining in the converted Chapter 11 case under B.R. 1019(3). In *In re Dipalma,* 94 B.R. 546 (Bankr.N.D.Ill.1988), for example, the debtor filed a Chapter 7 case and converted the case to Chapter 13 after the last day set for filing discharge and dischargeability complaints. Thereafter, the debtor's case was reconverted to Chapter 7. The court held:

> The language of Rule 1019(3) is unambiguous. If a chapter 7 case has been converted to a chapter 13 case then reconverted to a chapter 7 liquidation, no new time period will be allowed where the original bar date has expired during the pendency of the original chapter 7 proceeding and the creditors have had a full opportunity to file their claims and complaints.

*In re Dipalma,* 94 B.R. at 548.

Since Plaintiff had a full opportunity to object to the dischargeability of its claim during the pendency of the original Chapter 7 case, we hold that pursuant to B.R. 1019(3) no new period commenced in the subsequent Chapter 11 case.

The instant complaint was therefore untimely filed and such defect is jurisdictional. *In re Ezell,* 116 B.R. 556, 557 (Bankr. N.D.Ohio 1990); *In re American Sports Innovations (ASI),* 105 B.R. 614, 616 (Bankr.W.D.Wash.1989). Absent a timely motion to extend the period for filing dischargeability complaints, we lack the authority to renew the bar date once it expires. *In re Cintron,* 101 B.R. 785, 787 (Bankr.M.D.Fla.1989). "[A] bankruptcy court cannot create new substantive rights in exercising its equity powers." *In re Riso,* 57 B.R. 789 (D.N.H.1986).

## CONCLUSIONS OF LAW

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding as provided by 28 U.S.C. § 157(b)(2)(I).

2. Plaintiff failed to file timely its complaint pursuant to B.R. 4007(c).

3. Accordingly, the motion filed by the Debtor seeking dismissal of the complaint pursuant to B.R. 7012(b) is granted and the complaint is hereby dismissed.