**In re John Curtis STANTON, Debtor.**

**In re John CHRISTOPHER, Debtor.**

Nos. 91–4050–S, 91–4074–S.
Bankruptcy Nos. 90–41702–7, 90–41865–13.

United States District Court,
D. Kansas.

Feb. 5, 1992.

John Christopher, pro se.

John Curtis Stanton, pro se.

Joseph I. Wittman, trustee.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on two appeals by debtors, John Curtis Stanton ("Stanton") and John Christopher ("Christopher") from orders of dismissal of the bankruptcy court.[1] In the bankruptcy orders below, the court found that the debtors' petitions were barred under the United States Bankruptcy Code because the only debts listed by petitioners were non-dischargeable debts of criminal restitution. *In re Stanton,* Bankr. Case No. 90–41702–7; *In re Christopher,* Bankr. Case No. 90–41865–13. The bankruptcy court further found that appellants' motions to convert their petitions to petitions under Chapter 13 were filed in bad faith. *Id.* Both debtors appear *pro se.*

As an initial matter, this court finds that it has jurisdiction over these appeals under 28 U.S.C. § 158. The standards of review which this court is to apply in reviewing decisions of the bankruptcy court are well settled. The district court functions as an appellate court and may affirm, reverse or modify the bankruptcy court's ruling or remand for further proceedings. Fed.R.Bankr.P. 8013. The district court may examine the bankruptcy court's conclusions of law *de novo. In re Mullet,* 817 F.2d 677, 679 (10th Cir.1987). However, the bankruptcy court's findings of fact must be upheld unless they are clearly erroneous. *Id.* at 678. The "clearly erroneous" standard contemplates reversal where "although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been committed." *Anderson v. Bessemer City,* 470 U.S. 564, 573–74, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985) (citations omitted). Thus, where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous. *Id.*

A brief procedural summary of each case below is in order.

### I.

#### *In re Christopher*

Debtor Christopher filed his voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on October 3, 1990. The only debt listed was an order of criminal restitution of an amount owed to the Nevada First Bank of Reno, Nevada. On December 17, 1990, debtor Christopher moved to convert his Chapter 7 bankruptcy to a Chapter 13 proceeding pursuant to the Bankruptcy Code. On January 30, 1991, the bankruptcy court entered an order granting the debtor's motion to convert his petition to a Chapter 13 proceeding. Subsequently, on February 21, 1991, the United States filed a motion to dismiss this action on grounds that Christopher's motion to convert his petition to a Chapter 13 petition was filed in bad faith. The bank-

---

**1.** On July 12, 1991, this court consolidated the two appeals in the above-captioned cases.

ruptcy court conducted a hearing and on April 2, 1991, granted the government's motion to dismiss finding that Christopher's motion to convert his action to one brought under Chapter 13 was filed in bad faith. The bankruptcy court reasoned the motion to convert was filed in bad faith because the only debt listed was one of criminal restitution which was a non-dischargeable debt under both the original Chapter 7 petition and the under recent amendments to Chapter 13, namely 11 U.S.C. § 1328(a)(3) (effective Nov. 29, 1990).

### In re Stanton

Debtor Stanton's voluntary petition for relief also was filed under Chapter 7 of the Bankruptcy Code. Like debtor Christopher, Stanton's only listed debt was that of an order of criminal restitution owed to the First Bank of Hampton/Yosemite of Denver, Colorado. On November 7, 1990, the bankruptcy court issued an order denying Stanton's request for injunctive relief. The court expressly ruled that criminal restitution was not dischargeable in Chapter 7 proceedings. On November 14, 1990, the government filed a motion to dismiss on the same grounds. On December 3, 1990, Stanton objected and moved to convert his petition to one under Chapter 13. On December 6, 1990, a hearing was held during which the bankruptcy court granted the government's motion to dismiss. Subsequently, on December 13, 1990, the bankruptcy court issued an order memorializing its ruling, finding that Stanton's petition for relief was barred as originally filed under Chapter 7 pursuant to *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986). Stanton moved for reconsideration. Following a hearing conducted on January 31, 1991, the bankruptcy court denied Stanton's motion. Once again, on February 12, 1991, the bankruptcy court issued a written order memorializing its ruling finding that Stanton's alternative motion to convert his petition to one under Chapter 13 was filed in bad faith because Stanton's only listed debt was a non-dischargeable debt under Chapter 7. The court further found that Stanton's peti-

tion under Chapter 13 would be barred at this time, in any event, because petitioner had not moved to convert his petition to one under Chapter 13 until after Congress had amended Chapter 13 to include criminal restitution as a non-dischargeable debt.

### II.

The issue presented in these appeals is whether the bankruptcy court erred in dismissing bankruptcy petitions originally filed as Chapter 7 petitions which listed criminal restitution as the only debts, and which were converted or sought to be converted to Chapter 13 petitions after 11 U.S.C. § 1328 was amended to expressly include criminal restitution as an exception to discharge in a Chapter 13 proceeding.

This court holds that the exceptions to dischargeability in effect at the time of a motion to convert control. Accordingly, the bankruptcy court's orders of dismissal will be affirmed.

At the time debtors filed their original Chapter 7 petitions, criminal restitution was a non-dischargeable debt under Chapter 7. *See Kelly,* 479 U.S. at 50, 107 S.Ct. at 361. However, at that time, criminal restitution orders were dischargeable in some cases under Chapter 13. *See Pennsylvania Dept. of Public Welfare v. Davenport,* 495 U.S. 552, 110 S.Ct. 2126, 2134, 109 L.Ed.2d 588 (1990). Following the Supreme Court's ruling in *Davenport,* Congress amended 11 U.S.C. § 1328(a) to specifically include criminal restitution as a non-dischargeable debt under Chapter 13. *See* 11 U.S.C. § 1328(a) (as amended November 15, 1990).

In the instant cases, both motions to convert were filed after the effective date of the amendment to 11 U.S.C. § 1328. In determining whether the exceptions in effect at the time of the filing of the original petition or at the time of the motion to convert control, this court has found no cases expressly in point. However, 11 U.S.C. § 348 governs the effect of conversion from one chapter to another under the Bankruptcy Code. Various cases have interpreted Section 348 in analogous situa-

tions. Specifically, in *F & M Marquette Nat. Bank v. Richards*, 780 F.2d 24, 25 (8th Cir.1985), the court held in an action involving conversion from Chapter 11 to Chapter 7 that, "for purposes of dischargeability of debts, the conversion becomes the order for relief in the converted proceeding." *Id.* at 26. Thus, the time period for filing a complaint to determine dischargeability begins anew upon the filing of an order of conversion. *Id.* Similarly, other courts have connected dischargeability to the date of the conversion order. *See In re Tracy*, 28 B.R. 189, 190 (Bankr.D.Me.1983) (conversion from Chapter 13 to Chapter 7 under 11 U.S.C. § 348 does not mean the case is to be treated as if it were originally filed under Chapter 7); *In re Gelfand*, 47 B.R. 876, 870 (Bankr.1988), *overruled on other grounds, Grogan v. Garner*, — U.S. —, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (claim which arose after the filing of the original Chapter 11 petition, but prior to the conversion to Chapter 7, would be treated as a prepetition debt in Chapter 7 proceeding for determining dischargeability); and *In re Winchester*, 46 B.R. 492, 495 (Bankr. 9th Cir.1984) (debtor's exemptions in property are to be determined at the date of conversion from Chapter 13 to Chapter 7 proceeding).

This court finds the reasoning of the above cases to be persuasive to the instant appeal. Therefore, the court will affirm the bankruptcy court's implicit holding that the effective date for determining dischargeability of the appellants' criminal restitution orders is the date on which the debtors converted their proceedings to Chapter 13 petitions, not the date on which appellants' original petitions were filed. Furthermore, because neither debtor sought to convert their petition to Chapter 13 until after criminal restitution was no longer dischargeable pursuant to Chapter 13, this court must affirm the bankruptcy court's dismissal of the appellants' petitions on the basis that the only debt listed by either was that of non-dischargeable criminal restitution. Accordingly, the dismissal of appellants' petitions will be affirmed.

IT IS BY THE COURT THEREFORE ORDERED that the bankruptcy court's dismissals of the debtors' petitions are affirmed.