**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 22 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

RICHARD RAMSEY HOPKINS and
CHERILYN BAKER HOPKINS,

       Debtors.

---

O'MELVENY & MYERS;
GIBSON, DUNN & CRUTCHER,
LLP,

       Plaintiffs-Appellees,

v.

RICHARD RAMSEY HOPKINS,

       Defendant-Appellant.

No. 99-1080
(D.C. No. 97-K-888)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **PORFILIO** , and **BRORBY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant, an attorney appearing *pro se*, appeals the district court's affirmance of the bankruptcy court's grant of summary judgment in favor of plaintiffs. The bankruptcy court granted plaintiffs' motions for summary judgment in two adversary proceedings arising from two complaints filed by plaintiffs for determination of dischargeability of debts in defendant's bankruptcy proceeding. In granting the motions, the bankruptcy court found that three sanctions entered by a California court against defendant were not dischargeable debts under 11 U.S.C. § 523(a)(6). Defendant appealed both summary judgments. The district court consolidated the appeals and agreed with the bankruptcy court that the debts were not dischargeable. Because this appeal involves only legal issues, our review is *de novo. See Phillips v. White (In re White)*, 25 F.3d 931, 933 (10th Cir. 1994). We affirm.

Before defendant filed for relief under the Bankruptcy Code, a California court entered sanctions against defendant, finding that he had violated California law by engaging in bad faith litigation tactics in representing a client who was ultimately found to be a vexatious litigant. When defendant sought to have the

-2-

sanction debts discharged in bankruptcy, the bankruptcy court held that the sanctions were nondischargeable under § 523(a)(6) because the sanctions were the result of willful and malicious injury by defendant. The bankruptcy and district courts found that defendant was collaterally estopped from denying nondischargeability of the debt because the California court findings, establishing that defendant engaged in sanctionable bad faith conduct, were equivalent to findings that defendant wilfully and maliciously injured plaintiffs within the meaning of § 523(a)(6).

In its decision, the district court carefully considered the California court sanction orders, California law on bad faith, and federal law relating to willful and malicious conduct under § 523(a)(6). The court correctly found that the sanction orders contained particular and specific findings establishing willful and malicious conduct under § 523(a)(6). We agree with the district court that there may be cases in which a finding of bad faith litigation tactics under California law would not be the equivalent of finding willful and malicious conduct for purposes of § 523(a)(6), but *in this particular case* the findings in the two sanction orders are such that defendant is collaterally estopped from arguing that he did not willfully and maliciously injure the plaintiffs. The district court's memorandum decision is thorough and well-reasoned, and any legal analysis we could offer would be redundant. Therefore, we affirm the district court judgment

for substantially the reasons stated in its memorandum decision of January 28, 1999.

Defendant raises one issue on appeal not addressed by the district court in its decision. He argues that the bankruptcy court erred in denying his motion to dismiss plaintiffs' complaint to determine the dischargeability of two of the three sanction awards. Defendant maintains that the complaint should have been dismissed as untimely. Plaintiffs' original complaint in Adversary Proceeding No. 96-1554 sought only determination of the dischargeability of one sanction. Plaintiffs moved to amend their complaint to include a request for determination of dischargeability of two later sanctions, and the bankruptcy court originally allowed amendment. Upon reconsideration, however, the bankruptcy court denied the amendment and ruled that the adversary proceeding would include determination of only the one sanction award included in the original complaint for determination of dischargeability.

After the bankruptcy court denied amendment, defendant voluntarily converted his Chapter 7 bankruptcy to a Chapter 11 proceeding. The Notice Of Commencement of the Chapter 11 case set a new deadline for creditors to file a complaint to determine the dischargeability of debts. Plaintiffs filed their complaint for determination of the dischargeability of the remaining two sanctions in the new Chapter 11 proceeding well before the deadline. The conversion to

Chapter 11 constituted an order for relief, which required a new meeting of creditors, which, in turn, triggered a new sixty-day period in which creditors could file a complaint to determine dischargeability of a debt. *See* 11 U.S.C. §§ 348(a); 341(a); Bankr. R. 4007(c) *F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24, 25 (8th Cir. 1985) (holding that "[t]he time fixed for filing a complaint to determine dischargeability of a debt is keyed to the first date set for the meeting of creditors," and that, because creditor's meeting held in previous proceeding is unrelated to creditor's meeting required upon conversion, the creditor's meeting set in the new proceeding is "the first date set for the meeting of creditors"); *In re Stanton*, 136 B.R. 562, 564-65 (D. Kan. 1992) (applying reasoning in *F & M Marquette* to case involving conversion from Chapter 7 to Chapter 13). The bankruptcy court was correct to deny the motion to dismiss the second complaint to determine dischargeability as untimely.

Defendant's request to proceed without prepayment of costs or fees and the motion to supplement the record are GRANTED. The judgment of the United States District Court for the District of Colorado is AFFIRMED for substantially

the same reasons stated in its order dated January 28, 1999.  The mandate shall issue forthwith.

Entered for the Court


Wade Brorby
Circuit Judge
